TOWN OF OCEAN SPRINGS *v.* JOHN M. GREEN.

1. MUNICIPALITIES. *Ordinances. Titles. Code* 1892, § 3008.

An ordinance of a municipality entitled "An ordinance to prohibit the carrying or exhibiting of deadly weapons," and which in its body makes it an offense against the municipality to carry concealed or exhibit in a rude, angry, or threatening manner any deadly weapon, is not void under code 1892, § 3008, providing that an ordinance shall not contain more than one subject, which shall be clearly expressed in its title.

2. SAME. *Constitutional law. State crime. Ordinance prohibiting.*

The legislature can constitutionally confer on municipalities the power by ordinance to punish as an offense against the municipality an act which constitutes a crime against the state.

FROM the circuit court of Jackson county.

HON. THADDEUS A. WOOD, Judge.

The appellee, Green, having been convicted in the municipal court of Ocean Springs, a town operating under the code chapter entitled "Municipalities," of a violation of an ordinance of the town making it a municipal offense to carry concealed, or to exhibit in a rude, angry or threatening manner, any deadly weapon, appealed to the circuit court. Upon the trial in that court the ordinance was held void, a judgment acquitting the defendant was entered, and the town of Ocean Springs appealed to the supreme court. The nature of the ordinance and its title are sufficiently stated in the opinion of the court. The section of the code construed by the supreme court is as follows ·

"3008. *Ordinances; not to contain more than one subject; the title, etc.*—An ordinance shall not contain more than one subject, which shall be clearly expressed in its title; and an ordinance shall not be amended or revised unless the new ordinance contain the entire ordinance as revised, or the section or sections as amended, and the original shall thereby be repealed."

*White & Harper* and *J. I. Ford* for appellant.

In the case of *Johnson* v. *State,* 59 Miss., 543, it was held that a prosecution under a town ordinance for gambling was no bar to a prosecution for the same act under the statute against gambling; and in *Ex parte Bourgeoise,* 60 Miss., 663, Judge Chalmers, in speaking of the Johnson case, said: "We hold that it was competent for the legislature to delegate to the municipality the right to make acts which are punishable by the state laws, punishable also by the municipal authorities when committed within their limits."

Under chapter 93 of the code of 1892 a city or town can punish offenses against the peace and order of the municipality, although the same offense is punishable under the state laws. But the whole question is settled by chapter 75, laws 1898, p. 91. By this late statute municipalities are given power to punish all acts which are punishable under the state laws.

There is nothing in the objection that the ordinance contained two subjects. Carrying concealed weapons and exhibiting deadly weapons may well be classed as one subject and included in one ordinance, just as the offense of exhibiting deadly weapons and using deadly weapons in a fight or quarrel are prohibited by § 1031 of the code, and as dueling, carrying a challenge, accepting a challenge, and acting as second in a duel are all prohibited by § 1036.

*E. A. Clark* and *J. H. Neville* for appellee.

It appears by the record that the town of Ocean Springs is a municipality operating under chapter 93 of the code.

The provisions contained in § 3008, code 1892, are manda-
tory. 17 Am. & Eng. Enc. L., 245, and cases cited.

That the ordinance is subject to the objection that its title
does not clearly express its subject is evident. The subjects
contained in the ordinance are "concealed weapons" and "ex-
hibiting deadly weapons in a rude, angry and threating man-
ner." The title says nothing whatever of "concealed weapons."

Under provisions like § 3008, the title is a part of the act
and must show clearly the subject. Endlich on Interpretation
of Statutes, Sec. 59.

The general object of the ordinance is perhaps set out in
the title, but there is a vast difference between "object" and
"subject." That the ordinance contains more than one subject
is so apparent on the face of the ordinance that argument is
hardly necessary. The offenses are separate crimes by our code.
Sec. 1026, code 1892, relates to carrying concealed weapons.
That of exhibiting deadly weapons is treated by § 1031, code
1892.

The ordinance is fatally defective for the reasons stated;
especially when we consider that all acts passed by municipali-
ties by virtue of delegated powers must strictly conform to
the terms of the power granted. *Leonard* v. *City of Canton,* 35
Miss., 189; Endlich on the Interpretation of Statutes, sec. 353.

The third objection to the ordinance, that the town of Ocean
Springs had no power to pass the ordinance, is general in its
character, and affects not only the ordinance in question but
all existing ordinances of municipalities operating under the
code which attempt to punish crimes or offenses included in
the criminal code of the state.

The legislature has not authority to delegate to municipali-
ties such power over state crimes or offenses. If it has such
authority the acts passed by our legislature do not embrace the
power, and it is not conferred or granted. Dillon on Munic-
ipal Corporations, sec. 368 (4th ed.); *In re Slattery,* 3 Ark.,
484; *Ex parte Flagg,* 44 S. W. Rep., 294; *Leonard* v. *City of*

*Canton*, 35 Miss., supra; Endlich on Interpretation of Statutes, sec. 352, and cases cited; 33 Am. Dec., 299-301; 34 Am. Dec., 641; *State* v. *Merrill*, 37 Me., 329.

TERRAL, J., delivered the opinion of the court.

Green was charged by affidavit before the mayor of Ocean Springs with exhibiting a pistol in said town in a rude, angry and threatening manner, not in necessary self-defense. Ordinance No. 109, under which said charge is made, is entitled "An ordinance entitled an ordinance to prevent the carrying or exhibing deadly weapons."

The contention here is that the charge against Green is a nullity for two reasons: (1) Because the title of ordinance 109 contains more than one subject and is obnoxious to § 3008, annotated code; (2) because the legislature has no constitutional authority to confer upon a municipality power to punish the act charged against Green under said ordinance.

1. The subject of ordinance No. 109 is deadly weapons, or of criminal acts committed with deadly weapons, and any and all acts committed by the use of deadly weapons which the municipality may choose to prohibit, might have been properly included under said title. We are of the opinion that ordinance No. 109 contains but one subject.

2. The American doctrine has always been that the legislature, without any express constitutional grant, may institute corporations of every kind. The maxim that legislative authority cannot be delegated has never been understood as applying to the power conferred upon municipal corporations. Their existence here before the adoption of any state constitution has naturalized them as a part of the institutions of our race, preservative of local self-government, which constitutions are intended to preserve and perpetuate; and their advantage, in meeting with facility and economy the needs of local communities in matters in which other parts of the state are not interested and about which they should not be burdened by

taxation or otherwise, has been so evident that their creation by legislative authority only has generally passed unchallenged.

It is not denied that municipalities may be authorized to punish acts not amounting to crime under the state law. Then, why may they not make acts criminal by the state law, contrary to local authority? A forcible discussion of the question may be found in Judge Cooley's work on Con. Lim., p. 140 (5th ed.), *et seq.* The constitution recognizes the power of the legislature to create corporations, and the right of corporations to make by-laws to effect the objects of their institution, is incident to their creation and existence.