IDA WINFIELD *v.* CITY OF JACKSON.

[42 South. Rep., 183.]

1. MUNICIPALITIES. *Ordinances. Single subject. Code 1892, § 3008.*

>   A municipal ordinance making all acts constituting a misdemeanor under the laws of the State offenses against the municipality is not violative of Code 1892, § 3008, providing that an ordinance shall not contain more than one subject.

2. CRIMINAL LAW AND PROCEDURE. *Judicial knowledge. Time. Remarks of counsel.*

>   It is not improper for a prosecuting attorney to state to a jury in argument that a certain day was Sunday, the statement being true; since the court takes judicial notice of time in the calendar.

3. SAME. *Lost affidavit. Substitution of lost record.*

>   It is competent for the circuit court on an appeal from a conviction in a municipal court to hear evidence touching the original existence of a missing affidavit on which the prosecution was begun, and of its contents, and to have it substituted.

FROM the circuit court of first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Ida Winfield, the appellant, was convicted in the court below of the unlawful sale of intoxicants, and appealed to the supreme court.

The prosecution was begun in the municipal court of the city of Jackson, and the offense charged was that in making the unlawful sale the defendant violated an ordinance of the city making all acts constituting a misdemeanor under the laws of the state an offense against the municipality, when committed within its limits. Being convicted in the municipal court, the accused appealed to the circuit court. When the case was called for trial in the circuit court the affidavit on which the prosecution was begun could not be found, and the district attorney, over defendant's protest, offered evidence to

the court showing its original existence, its loss and its contents, and obtained an order of court, the defendant still protesting, in substitution of the lost paper. Defendant further urged upon the court that the ordinance was violative of Code 1892, § 3008, providing that an ordinance shall not contain more than one subject-matter, etc.

*G. Harris,* for appellant.

The court below erred in admitting in evidence the "Ordinances of Jackson, Mississippi, 1903, p. 54, sec. 1893," for the reason that it is violative of sec. 3008 of ch. 93 of the annotated code of 1892 of the state of Mississippi, and there is no ordinance in said work against the unlawful sale of intoxicating liquor in the city of Jackson.

Section 3008 of the code of 1892 of the chapter on municipalities says: "An ordinance SHALL not contain more than one subject, which *shall* be clearly expressed in its title; and an ordinance SHALL not be amended or revised unless the new ordinance contain the entire ordinance as revised, or the section or sections as amended, and the original SHALL thereby be repealed."

The court will observe the language to be strongly mandatory, and by no effort can it be strained into mere direction. And, being a general and well considered law for the municipalities of the state generally, and their benefit, it is to be presumed that it shall be construed strictly according to its terms. Smith, in his admirable work on municipal corporations, vol. 1, says:

"An ordinance, being a law, must be published in some way in order to give notice to those affected thereby of its existence. It is generally required by law that the ordinances shall be published, and the statutory or charter regulations on this point should be strictly followed in order to avoid any question as to the validity of the ordinance.

"A reasonable opportunity must be given the public within the corporate limits to be informed as to the ordinances they are commanded to obey before they can be punished for their violation. In general, when the charter or general laws require publication, it must be made according to the requirement, else the ordinance will be void and no penalty can be enforced under it." 1 Smith on Mun. Corp., p. 511, and notes.

Have we a compliance with sec. 3008 ? By no means. There is not an ordinance of the city of Jackson on the subject of selling whiskey. There is none on half a dozen other statutory crimes. There is a blanket ordinance embracing all of them in one. Who is to tell what is against the law of the city of Jackson ? One is referred to the state law. It is not every one who has access to the state statutes. How is a man to know who is not learned in the law ?

The "fundamental law" had no place in the consideration of this matter. Selling intoxicating liquor is not a crime *malum in se* but merely *malum prohibitum*. It is only made so by statute. And when the statute died, the crime died.

The court will bear in mind the distinction between the case at bar and the *Chrisman case*. There the question was of the publication or not of an ordinance. The question now before the court is whether or not there was a valid ordinance. Whether it conformed to sec. 3008 or not, and whether or not it was published in accordance with law; which, however, by way of good measure, we insist devolved upon the city to show. The apprehension of Judge Truly in the *Chrisman case*, that it might often be impossible to prove publication in the cases of ancient ordinances, has no application here. It was a borrowing of trouble, so to speak; a "listening to the beating of the distant drum," as Omar would say; an attempt to cross the bridge before he came to it. In the instant case there was no "ancient ordinance." There was no ordinance at all. There was an attempt to make an old ordinance fit the case, but the law under which it was enacted was repealed.

The court erred in allowing what purported to be a certified copy of the record of the conviction of Madame Winfield in the city court of Jackson to be filed, without first showing that the original papers had been lost; and the court erred in entertaining the alleged certified copy for the reason that William Hemingway was no longer mayor when he certified to it, and so testified. And the court erred in allowing the alleged record to be entertained when the record itself, the best evidence, the police docket of the city of Jackson, showed that the alleged certified copy was not in fact a certified copy of the record.

"The record of which the justice is to transmit a copy is his docket entries and judgments." *Houston* v. *Cornish,* 59 Miss., 372.

The district attorney should not have been permitted to testify in his argument. His statement that the day in question was a Sunday was unauthorized; he was not under oath to testify truthfully, and he did not subject himself to a cross-examination.

*R. V. Fletcher,* assistant attorney-general, for appellee.

It is contended that the district attorney made reversible error in stating to the jury that the 23d of October falls on Sunday, thereby corroborating the statement of the state's witness. In as much as the court takes judicial notice of the coincidence of the days of the week with the days of the month, and the district attorney was within his rights when he made this statement, no error can be predicated thereon.

It is contended that error was committed by the court in allowing the substitution of the affidavit. It will be seen by an inspection of the record that the transcript of the mayor's docket was complete and that the former mayor, Mr. Hemingway, stated that he had sent up the original affidavit on a separate piece of paper from the one which contained his docket entries. So that the only thing that was done in the circuit

court was to supply the missing document upon proof that the original was missing, and further proof as to the contents of the original affidavit. This was certainly permissible under all the authorities and by every known rule of practice. It should be remembered that an affidavit is not required to be set out in full on the docket of a justice of the peace, and that a justice's transcript need only contain a copy of the docket entries. *Hughston* v. *Cornish,* 59 Miss., 372.

The final and most serious contention in this case is that the ordinances of the city of Jackson are invalid because in violation of sec. 3008 of the code of 1892. It will be noticed that the ordinances of the city of Jackson provide that all acts which are misdemeanors under the general statute shall be violations of the city ordinances. Upon the question of the validity of these ordinances see the case of *Chrisman* v. *City of Jackson,* 84 Miss., 787. This case is precisely in point, and so far as these ordinances are concerned the question is *stare decisis.* Upon the proper interpretation of sec. 3008 see the *Town of Ocean Springs* v. *Green,* 77 Miss., 472.

Argued orally by *G. Harris,* for appellant, and by *R. V. Fletcher,* assistant attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

Courts take note of time in the calendar. October 23, 1904, was Sunday, and it is immaterial that the district attorney said it was in his argument to the jury. We are not called on to determine results, if he had said it was, when it in fact was not.

The mayor's record was sufficient under the law. *Hughston* v. *Cornish,* 59 Miss., 374. There did not appear in the file of papers the original affidavit for arrest. It was competent for the court to hear evidence of its original existence and contents, and have it supplied.

An ordinance providing that all offenses made misdemeanors under the state laws shall be violations of the municipal laws contains only one subject, under sec. 3008, Ann. Code 1892. We decline to overrule *Ocean Springs* v. *Green,* 77 Miss., 472 (27 South. Rep., 743), and *Chrisman* v. *Jackson,* 84 Miss., 737 (37 South. Rep., 1015).

*Affirmed.*