CITY OF GREENWOOD *v.* BEE W. JONES.

[46 South., 161.]

1. MUNICIPALITIES. *Mayor and aldermen. Place of meeting. Ordinances.*

A municipal ordinance fixing the place for the meetings of the municipal authorities as " the mayor's office in the city hall or any place that may be selected by special order ":—

(*a*) Is not invalid because of the alternate provision; nor

(*b*) Does it render a subsequent ordinance invalid when unaccompanied by a showing as to where it was adopted.

2. SAME. *Evidence. Code 1906, § 3409. Presumption.*

Under Code 1906, § 3409, providing that a copy of an ordinance, certified to by the clerk of the municipality, or the ordinance book in which it is entered, shall be *prima facie* evidence of the existence of the ordinance and that it was adopted and published according to law, the presumption is that an ordinance so shown was passed at a meeting held at the proper time and place.

3. SAME. *Code 1906, § 3407. Clerk.*

Code 1906, § 3407, providing that the municipal clerk shall record

in a prescribed book every ordinance in force when the record became operative and remaining in force sixty days afterwards, is directory merely and the failure of the clerk to comply with the section did not repeal a previous ordinance.

FROM the circuit court of Leflore county.

HON. SIDNEY M. SMITH, Judge.

Jones, appellee, was prosecuted for violating an ordinance of the city of Greenwood; was convicted in the municipal court and appealed therefrom to the circuit court, where he was tried and acquitted and the city appealed to the supreme court. The facts are stated in the opinion of the court.

*E. V. Houston* and *R. V. Fletcher,* attorney-general, for appellant.

Counsel for defendant made three objections to the ordinance referred to in the agreed state of facts. First. Section 8 of the ordinance passed on March 14, 1905, fixing the place and hour of meeting of the board, adds after the word " place " the words " or any place that may be selected by special order " thereby rendering the entire ordinance void. Second. That the ordinance not having been re-enacted and no other ordinance fixing the hour and place of meeting, after the adoption of the Code of 1906, became inoperative after sixty days from the date in which the municipal chapter of said code became operative. Third. That the caption of the minutes of the August 1906, meeting of said board was insufficient because it failed to show affirmatively that the board met in the mayor's office and at eight o'clock p. m. The court below held in favor of the city on the first two of the above objections, but decided adversely to the city on the third ground, holding that it must be affirmatively shown in the minutes of each meeting that the same was held according to law or the proceedings would be illegal. On said adverse ruling and the acquittal of the defendant on account thereof, the said city prosecuted this appeal.

In reply to the third ground of objection above stated and the ruling of the court thereon, we refer to § 3409 of the Mississippi Code 1906.

The city made out its case when it introduced the evidence criminating the defendant, and its ordinance book or a certified copy of the ordinance, and the burden of the proof from that time on, to show the invalidity of the ordinance, was upon the defendant, and the same will have to be established by affirmative evidence. It will be necessary for the defendant to show that the precedent steps essential to the validity of the ordinance had not been complied with, that it was not adopted and published in the manner provided by law. The law required the municipal boards of each city, town or village to prescribe by ordinance the place and hour at which its regular meeting shall be held. That is one of the precedent steps towards the validity of the ordinance, not only that it fixed by ordinance the place and hour, but that it did meet at the hour and place fixed by ordinance. But the introduction of the ordinance book or a certified copy of the ordinance is *prima facie* evidence that it was adopted in the manner provided by law, that is that it was adopted at a meeting held at the hour and place provided by law and the ordinance in that behalf. The ordinance of March 14, 1905, fixed the hour at eight o'clock p. m. and the place in the Mayor's office in the city hall, and the caption of the minutes shows that it met on the first Tuesday in the city hall, but does not state affirmatively that it was in the mayor's office in the city hall, nor the hour at which the meeting was held. But it was agreed that the ordinance was regular in every respect with the exception of these omissions of the record, that it was in the ordinance book, and, if the introduction of the ordinance book would create a *prima facie* case of the existence of the ordinance and that the same was adopted in the manner provided by law, then we have the presumption that it was adopted by a meeting of the board in the mayor's office and at the hour fixed by ordinance

since there is nothing in the record to contradict that presumption. And, before this ordinance could be held invalid, it would be necessary to have it affirmatively shown that it did not meet in the mayor's office in the city hall, or that it did not meet at the hour prescribed by law. And in the absence of such showing, the ordinance must be held to be valid. We refer to *Corburn* v. *Crittenden,* 62 Miss., 125, and to *Brigins* v. *Chandler,* 60 Miss., 862, in which it is held, with reference to meetings of the board of supervisors that meetings of boards of supervisors, not affirmatively shown to have been not according to law, are presumed to have been legal. We call attention to *Williams* v. *Carmack,* 27 Miss., 220.

The mayor and board of aldermen in its exercise of its power of enacting ordinances against misdemeanors is exercising its power of general jurisdiction and not special and limited jurisdiction, therefore, the rule laid down in the cases of *Bolivar County* v. *Coleman,* 71 Miss., 832, and *Lester* v. *Miller,* 76 Miss., 317; s.c., 24 South., 193, and *Turner* v. *Thomas,* 77 Miss., 866; s.c., 28 South., 803, does not apply.

But counsel for defendant still insists that the words following the word "City Hall" in § 8 of the ordinance of March 14, 1905, "or any place that may be selected by special order," make the entire section void. This could not be true and if ineffective could be treated as surplusage and need not be noticed unless it was proven that the board did in fact meet at some other place than the place fixed by that ordinance, in which case it is possible that the meeting of the board would be invalid, but there is no proof in the present case that it met at any other place than that designated.

It is further insisted that said ordinance of March 14, 1905, was ineffective and inoperative after the lapse of sixty days from the time at which the municipal chapter of the Code of 1906 went into effect and that to be effective it was necessary for it to have been re-enacted. There can be no merit in that contention.

*S. R. Coleman,* for appellee.

We contend that when in the course of the evidence for defendant (the agreed state of facts) we showed by the minutes of the board that it did not affirmatively appear that the board met in the mayor's office at eight o'clock p. m., this was a jurisdictional fact which was wanting to make the ordinance valid.

The Code of 1906 required all ordinances to be enacted and re-enacted in sixty days, etc. The municipal chapter, in one of its sections, requires the time and place of meeting to be fixed by ordinance; confessedly, this was not done within the sixty days. If that requirement can be ignored, where are you going to draw the line?

Again, as shown by the ordinance (if that ambulatory by-law was an ordinance) of March 14, 1905, the same was passed at an adjourned meeting not on the first Tuesday of the month, but on the 14th. The municipal chapter, nowhere gives power to adjourn, but does provide for special meetings, and how they may be called; so then, if it was not necessary to re-enact the ordinance (if it was an ordinance) of March 14th, we question its validity, when passed at this adjourned meeting.

The municipal chapter requires the time and place of meetings to be fixed by ordinance; could one in looking to find such an ordinance be pointed to it in " An ordinance relating to by-laws of the Municipal Board," that has fifteen different subjects embraced therein? We submit, that there was no error of the circuit court in arriving at results.

*McWillie & Thompson,* on same side.

CALHOON, J., delivered the opinion of the court.

Appellee was convicted in a court of the police justice for the unlawful sale of intoxicating liquors. He appealed to the circuit court, where a trial was had on an agreed statement of facts, under which the truth of the charge was not controverted,

and the only question was on the validity of the ordinance under which the conviction was had. By the agreed statement of facts it appears: "That an ordinance was passed on March 14, 1905, fixing the mayor's office in the city hall as the place of meeting, and at eight o'clock p. m. on the first Tuesday of each month, or any other place the board might select by special order. It is further agreed that the municipal building, at which the present ordinance was passed under which the defendants are being tried, was the place at which the board met and passed said ordinance, and that the same is known and designated as the ' city hall,' mentioned in the caption hereinafter stated; that no ordinance has been passed fixing the time and place of meeting of the board since March 14, 1905, as above; that the caption of the minutes of the meeting at which the ordinance against retailing was passed shows that the board met at the city hall, and a quorum was present, but does not show affirmatively on its face that the time and place of the meeting were the time and place fixed by law for holding said meeting, except that it shows that it was on the first Tuesday of August and at the city hall in Greenwood on August 7, 1906."

The first objection by appellant is that § 8 of the ordinance passed on March 14, 1905, fixing the time and place of meeting, contains the words, " or any place that may be selected by special order," because of which it is said that the entire ordinance was void. We learn from the brief that the learned judge below did not concur with counsel on this objection. In this ruling we agree. It could be of no avail, unless it appeared that the board did in fact meet in a place other than that fixed by the ordinance under the law.

Another objection made by counsel for the appellant is that, because that ordinance of March 14, 1905, was not re-enacted when the Code of 1906 took effect, and, because it was not thereafter passed, it was inoperative because of § 3407, Code 1906. That section is in the following words:

" 3407. (3009.) Ordinance Book.— The clerk shall keep a well-bound book, to be styled ' Ordinances, City (or Town or Village) of ———,' in which he shall enter at length, in- a plain and distinct handwriting or typewriting, every ordinance in force at the time this chapter becomes operative, and which shall remain in force sixty days thereafter, and every ordinance thereafter enacted immediately after its passage; and he shall append to each a note stating the date of its passage, and cite therein the book and page of the minutes containing the record of its passage. The ordinances to be so recorded are those which are in their nature laws of the municipalities, and not mere order or decrees temporary in their nature. The clerk shall keep said book accurately indexed alphabetically."

We are also informed that the court below declined to take this view, and so do we. This section of the Code is merely a direction to the clerk as to what he shall do in reference to the recording of the general laws of the municipality which were in existence or which should remain in force sixty days. There is nothing which declares that his failure to make that book shall produce the result of voiding all preceding valid ordinances of a general nature, and we decline to hold that such effect would be produced by the omission of the clerk. In our view, the anterior valid ordinances continued to be in force, notwithstanding the clerk might omit to transcribe them into a book indexed for the convenience of ready reference.

Another objection by counsel for appellee, in which only he had the concurrence of the court below, is that the ordinance is void because the caption of the minutes of the meeting at which the ordinance against the unlawful sale of liquor was passed does not show affirmatively that the meeting was held at the time and place fixed by law for holding it, further than to. show it was on the first Tuesday of August and at the city hall generally. The Code of 1906 provides as follows:

" 3409.    Clerk may Furnish Copy of Ordinance.— Whenever in any judicial proceeding it shall be necessary to prove the

existence of any municipal ordinance, a copy of such ordinance, certified to by the clerk of the municipality, or the ordinance book in which said ordinance is entered, may be introduced in evidence, and shall be *prima facie* evidence of the existence of such ordinance and that same was adopted and published in the manner provided by law."

It is agreed that the mayor's office was in the city hall, and it is certain that the ordinance was produced in this proceeding on this trial, and our judgment is that the presumption was that it was adopted at the proper time and at the proper place, under the facts of this case, and that such presumption remained until the defendant showed that the meeting at which it was adopted was not legally held. Under the circumstances here shown, the presumption is that the procedure was legal. This is not a case for the application of doctrines which apply to tribunals of limited and special jurisdiction, or tribunals exercising jursdiction under limited and special power, because here there was the exercise of jurisdiction general for the establishment of public laws adapted to the municipality.

Under subdivision 2, § 40, Code 1906, we can neither reverse nor affirm, but simply announce our opinion, as we have done.