EMMA SMOTHERS *v.* CITY OF JACKSON.

[45 South., 982.]

1. CRIMINAL LAW AND PROCEDURE. *Municipalities. Ordinance. Misdemeanors. Sale of intoxicants. Code* 1906, § 3400.

An ordinance making all offenses that amount to misdemeanors under the state laws offenses against the municipality, when committed within its limits, includes all offenses that the legislature may subsequently declare to be misdemeanors.

2. SAME. *Reputation. Evidence.*

Evidence of the reputation of the accused as one engaged in the unlawful sale of intoxicants is inadmissible when the accused has introduced no evidence as to reputation.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Madame Smothers, appellant, was convicted in the police court of Jackson on the charge of unlawfully keeping for sale or barter intoxicating liquors within the city limits, and was fined $100 and costs. She appealed to the circuit court where she was tried and again convicted of the charge, the same fine being imposed; and from such conviction and sentence she appealed to the supreme court.

The evidence for the prosecution showed that, as a result of a visit, under search warrant, made upon appellant's premises by two policemen, two casks of beer, hidden away, and a large quantity of empty beer bottles were found. Code 1906, § 1746, makes the unlawful sale, or keeping for sale or barter, of intoxicating liquors a misdemeanor under the state law. The city of Jackson, at the time of the visit and trial, had no special ordinance declaring such unlawful sale, or keeping for sale or barter, a municipal offense, but by an ordinance adopted in 1903, all acts constituting a misdemeanor under the laws of the state were made offenses against the municipality when committed within its limits. On the trial the state, in addition to showing

the finding of the intoxicating liquors on appellant's premises, introduced evidence to show that appellant had the general reputation, in the community where she lived, of being the keeper of a resort for the illegal sale of intoxicants; and, by the testimony of the city police justice and by his official docket, the state was allowed, over appellant's objection, to show that she had been arrested on such charges four separate times before. Appellant's objection was based on the ground that her reputation was not in issue. No evidence was introduced by appellant.

*W. J. Croom,* for appellant.

The city of Jackson has no ordinance expressly touching this alleged offense of appellant, but to sustain conviction the city depends upon the ordinance of 1903 providing that all offenses made misdemeanors under the state laws shall, when committed within the limits of the municipality, be an offense against the city. Now, in 1903, practically three years before the adoption of our present code of laws, there was no such offense as the "unlawful keeping of intoxicating liquors for sale." Such act first became a misdemeanor in 1906. The city ordinance of 1903 manifestly included only such misdemeanors under the state laws as were in force in 1903. The case of *Winfield* v. *City of Jackson,* 89 Miss., 272, 42 South., 183, is not in point.

It was error in the court below to admit evidence as to the reputation of the appellant, inasmuch as her reputation had not been placed in issue by any action of her own. She had not introduced any evidence of any sort. The sole question was whether she was guilty of the special charge of illegally keeping intoxicants, within the city limits, for sale or barter. See *Hubbard* v. *State,* 64 Miss., 317, 1 South., 480.

*Garrard Harris* and *George Butler,* assistant attorney-general, for appellee.

By the undisputed testimony of reputable witnesses the prosecution showed that when the visit to appellant's premises

was made, large quantities of intoxicating liquors were found hidden away behind hatracks, under the grates, in piles of soiled clothing, and elsewhere; and that a huge array of empty beer bottles adorned the rear of her premises. In the absence of explanation on her part—and she introduced no evidence whatever—the jury were warranted in finding that she was guilty of the charge preferred against her.

Learned counsel for the appellant is in error in assuming that the city ordinance of 1903, making misdemeanors under the state laws offenses against the municipality under certain circumstances, is not prospective in its operation. The ordinance included not only such as were in force under the state laws at the time of its adoption, but also such as should thereafter be enacted by the state legislature. *Winfield* v. *City of Jackson,* 89 Miss., 272, 42 South., 183; 26 Am. & Eng. Encyc. of Law (2d ed.), 660, note 2; Underhill, Crim. Ev., 110; *Chrisman* v. *City of Jackson,* 84 Miss., 787, 37 South., 1015.

The evidence as to the general reputation of appellant was admitted solely for the purpose of throwing light on appellant's purpose with regard to the large quantity of intoxicants on her premises. It will be noted that the appellant did not seek to have the court instruct the jury in regard to this.

Argued orally by *Wiley J. Croom,* for appellant and by *George Butler,* assistant attorney general, for appellee.

MAYES, J., delivered the opinion of the court.

By ordinance of the city of Jackson it is provided that all offenses made misdemeanors under the state laws shall constitute offenses against the municipality when committed within its limits. The effect of this ordinance is to incorporate into the city ordinances all laws of the state of Mississippi of the grade of misdemeanors. In the case of *Winfield* v. *City of Jackson,* 89 Miss., 272, 42 South., 183, this ordinance was upheld. It is prospective in its operation, and includes, not only the offenses named in the statute at the date of its adoption, but all offenses

of the grade included within the ordinance which may be subsequently passed by the legislature.   26 Am. & Eng. Ency of Law (2d ed.), p. 660, note 2 ; Id., p. 714.

On the trial of this case, and over the objection of the defendant, the court admitted testimony as to the reputation of defendant.   It was shown by certain witnesses that defendant had the reputation of being a "blind tiger" keeper, meaning one engaged in the unlawful sale of intoxicating liquors.   The reputation of defendant had not been placed in issue by herself, nor had she introduced a single witness.   We think the action of the court in admitting this testimony over the objection of defendant was error.

For that reason, the case is reversed and remanded.

*Reversed and remanded.*