CITY OF JACKSON *v.* HARLAND.

[72 South. 850.]

MUNICIPAL CORPORATIONS. *Ordinances. Appeal. Questions of law.*

Under Code 1906, section 40, paragraph 2, providing for appeals by the state or a municipality from a judgment in the circuit court acquitting the defendant, where a question of law has been decided adversely to the state or municipality, where a defendant was acquitted before the circuit court on a charge of violating a city ordinance, the case by agreement being tried before the circuit judge, who decided that the evidence "did not show the offense charged in the affidavit," and discharged the defendant, in such case the record does not present a question of law within the meaning of said code section and the city was not entitled to appeal.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

R. E. Harland was acquitted of keeping and exhibiting a gambling device contrary to an ordinance. From the judgment, the city of Jackson appeals.

This case was tried before the circuit judge, a jury being waived, on an agreed statement of facts, which is set out below, on appeal from a conviction in the municipal court on an affidavit which charged that:

The defendant, "on or about September 27, 1915, in the city limits of Jackson, did then and there willfully and unlawfully keep and exhibit a certain gambling game and device commonly called a slot machine, and which was then and there played at by divers and sundry persons to affiant unknown for money and other valuable things, in which gambling device and game and the loss and gains thereof the said Harland was then and there interested and concerned, which said slot machine, game, and device was then and there a game of chance, and was then and there kept and exhibited by said Harland for the purpose of permitting and allowing persons to so gamble therewith, and at which said persons did then and there so play and gamble, with the knowledge and at the solicitation and instigation of said Harland, contrary to the laws and ordinances in such cases made and provided."

Section 1205 of the Mississippi Code of 1906 provides as follows:

"If any person shall be guilty of keeping or exhibiting any game or gaming table commonly called A. B. C. or E. O. roulette or rowley-powley or rouque et noir, roredo, keno, monte, or any faro-bank, or other game, gaming table, or bank of the same or like kind or any other kind or description under any other name whatever, or shall be in any manner either directly or indirectly interested or concerned in any gaming tables, banks or games, either by furnishing money or articles for the purpose of carrying on the same,

being interested in the loss or gain of said table, bank or games, or employed in any manner in conducting, carrying on, or exhibiting said gaming tables, games, or banks, every person so offending and being . . . convicted, shall be fined," etc.

## AGREED STATEMENT OF FACTS.

It is agreed by and between the attorneys for the city of Jackson and the defendant, R. E. Harland, that the defendant is, and has been for some years, engaged in the business of conducting a billiard hall and cigar and tobacco stand at No. —— West Capitol street, in the city of Jackson, Miss., and that on the 27th day of September, 1915, and for some days prior thereto, he kept and exhibited in his said billiard room and cigar stand, a certain device which in its material make-up and operation is as follows: A box-shaped arrangement in the front of which was a slot into which a nickel was dropped. There was a lever on the machine, which was pressed down after the nickel was placed in the slot, and when the lever was released the machinery in the machine or device—which consisted in part of three cylinders each containing numerals from one to nine, all of which cylinders revolved in one and the same direction—would revolve, and when the revolution ceased the numbers on the three cylinders could be read by the operator and by-standers. Said device contained a drawer or receptacle (the contents of which were visible) into which every seventh nickel placed in the slot fell, and there remained until the winning number appeared on the cylinders, and each time a given number appeared on the cylinders after their revolution as aforesaid the person then operating the machine received as a prize, bonus or what not, the contents of said drawer or receptable, the amount of which contents ranged anywhere from five cents, or one nickel, to sixteen dollars or more in nickels. For each nickel played in the slot the person playing the

machine or game was entitled to receive from the defendant the value of said nickel in merchandise, and the one who put the nickel into the slot stood the chance of getting or winning, in addition to the five cents worth of merchandise, the contents of said drawer or receptacle ranging anywhere from five cents to sixteen dollars or more in nickels. The winning of said contents of said drawer or receptacle is determined entirely by lot, luck, and chance, and no element of judgment, practice, skill, or adroitness enters therein. The defendant owned said machine or device and exhibited it in his billiard room and cigar stand aforesaid, on his showcase or counter, and was interested in the same and exhibited it for the purpose of having the public play at said game or device and for attracting trade, and on the date alleged, and for some time theretofore, many and divers persons played the same, and many and divers persons received only five cents worth of merchandise for each nickel deposited therein, and many and divers persons received not only five cents worth of merchandise for each nickel deposited therein by them, but also for each of certain nickels deposited therein won, in addition to five cents worth of merchandise, the contents of said drawer or receptacle, ranging anywhere from one nickel to sixteen dollars or more in nickels, all of which playing and winning was done at the instance, solicitation, and instigation of the defendant and in his presence and with his knowledge and consent.

It is further agreed that the defendant at the times aforesaid had paid a privilege tax to operate a slot machine under the laws of 1914 and held the receipt therefor, and, further, that all acts committed within the corporate limits of the city of Jackson amounting to a misdemeanor under the laws of the state of Mississippi are violations of the ordinances of said city.

Paragraph 2 of section 40 of the Code, providing for appeals by the state or a municipality from a judgment in the circuit court, is as follows:

"From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented."

*Greaves, Potter & Hallam,* for appellant.

*G. Edward Williams,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This cause was submitted to the judge below without a jury, upon an agreed statement of facts, who, after finding that the evidence "did not show the offense charged in the affidavit," discharged appellant.

This record does not present a question of law within the meaning of paragraph 2, section 40, Code 1906, and the right of the city to appeal is governed by *State* v. *Willingham,* 86 Miss. 203, 38 So. 334, and *State* v. *Brooks,* 102 Miss. 661, 59 So. 860, from which it follows that the appeal must be, and is, dismissed.

*Dismissed.*