STATE *v.* ADAMS.

[86 South. 337. No. 21270.]

CRIMINAL LAW. *State's appeal from judgment discharging for insufficiency of evidence presents no question of law.*

An appeal by the state from a judgment discharging the defendant for insufficiency of the evidence presents no question of law for determination by the Supreme Court, under section 40, Code of 1906 (section 16, Hemingway's Code).

APPEAL from circuit court of Chickasaw county.

HON. C. L. CRUM, Judge.

N. D. Adams was charged with having intoxicating liquor· in his possession unlawfully. From a directed verdict of acquittal, the state appeals. Appeal dismissed.

*H. Cassedy Holden,* for appellant.

The appeal is taken by virtue of paragraph 2, section 16, Hemingway's Code (section 40, Code of 1906). There seems to be some confusion in the decisions of the court relative to the right of the state to appeal in a criminal case where the defendant is acquitted in the circuit court. Whether or not this court will affirm this case, therefore, depends upon whether or not the court will follow *State* v. *Wall,* 98 Miss. 521, 54 So. 5, or *Jackson* v. *Harland,* 112 Miss. 41, 72 So. 850. The court held in the Wall case that the action of the lower court in instructing the jury to return a verdict of acquittal was subject to review under Code of 1906, section 40, on the state's appeal there being a judgment actually acquitting the accused and a question of law decided adversely to the state.

In the Harland case the court held that an acquittal, on the ground that the evidence did not show the offenses charged, did not present a question of law from which a municipality could appeal under Code of 1906, section 40, paragraph 2.

The court is also referred to the case of *Water Valley* v. *Davis,* 73 Miss. 521, 19 So. 235, where the court held that neither section 40 nor section 37, Code of 1906, authorizes an appeal by a municipality from a judgment of the circuit court discharging one arrested for violating an ordinance of a municipality. Further reference is also made to *State* v. *Willingham,* 86 Miss. 203, 38 So. 334, in which it was held by this court that the state cannot appeal from a judgment discharging a defendant on the ground that the proof was insufficient to sustain a conviction. The court is further referred to *State* v. *Brook,* 101 Miss. 661, 59 So. 860,

in which it was held that the state may not appeal from an acquittal entered on the directed verdict, of the court excluding the testimony at the close of the State's evidence.

There is no question but that the defendant in this case had intoxicating liquor in his possession (there may be some question as to whether or not one drink of liquor is intoxicating). The only question in this case is whether or not the state has a right to appeal from the action of the lower court in granting the defendant a peremptory instruction.

Under section 16, Hemingway's Code (section 40, Code of 1906) it is necessary that a question of law be decided adversely to the state in order that the state may appeal in a case of a directed verdict for the defendant. Was there a question of law decided against the state in this case?

With all deference to the honorable district attorney, it is submitted that there was no question of law decided by the court below. The court only decided that the facts were insufficient to constitute a crime under the statute and the conclusion inevitably follows that the action of the lower court is not reversible under the decisions of this court cited above.

SMITH, C. J., delivered the opinion of the court.

The appellee was charged with having intoxicating liquor in his possession unlawfully. The court below, being of the opinion that the evidence was insufficient to sustain the charge against the appellant, instructed the jury to find him not guilty, and there was a verdict and judgment accordingly. The state appeals.

The cause presents no question of law for determination under section 40, Code of 1906 (Hemingway's Code, section 16), and, as the attorney-general frankly admits, is controlled by *State* v. *Willingham*, 86 Miss. 203, 38 So. 334; *State* v. *Brooks*, 102 Miss. 661, 59 So. 860; *State* v. *Moore*, 103 Miss. 700, 60 So. 731; *State* v. *Hatcher*, 65 So. 511; *City of Jackson* v. *Harland*, 112 Miss. 41, 72 So. 850.

*Appeal dismissed.*