CITY OF PASCAGOULA *v.* CUNNINGHAM.[*]

(Division B.    Feb. 8, 1926.)

[106 So. 886.    No. 25415.]

MUNICIPAL CORPORATIONS. *Municipality may not appeal from judgment discharging accused for insufficiency of evidence.*

Section 40, Code of 1906; section 16, Hemingway's Code, does not authorize an appeal by a municipality from a judgment discharging a person accused of violating an ordinance on the ground that the evidence is insufficient to prove the case.

---

[*]Corpus Juris-Cyc. References; Municipal Corporations, 28 Cyc., p. 822, n. 3.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

C. L. Cunningham was prosecuted by the city of Pascagoula on a charge of violating the Speed Law, and from a directed verdict finding defendant not guilty, the city appeals. Appeal dismissed.

*H. B. Everett,* for appellant.

This evidence clearly established the *corpus delicti.* It was clearly shown that an offense against the law was committed at a given time and place by an implement belonging to the defendant, the motor car. The defendant was present at the trial and if he was not driving his own car, it would manifestly have been an easy matter for him to have shown by his own and the testimony of others this material fact in defense. The prosecutor could not produce his evidence because it had been impossible to identify the persons occupying the car, whose identity was presumably a matter within the knowledge of the defendant, the owner of the car.

It is axiomatic that the possession of stolen goods is evidence of theft against the person having same in his possession. Also that the ownership of the weapon used in an assault and battery, when it is shown that a crime has been committed by the use of such weapon, is strong circumstantial evidence against an owner who declines to explain or furnish any evidence in explanation by which to exonerate himself on a charge of the commission of the crime. It is a case of circumstantial evidence sufficient to produce a moral certainty of guilt to the exclusion of any other reasonable hypothesis and particularly in a misdemeanor of this character. It makes quite as strong a case, it seems to me, as proof in a case of unlawful possession of liquor if the liquor was found on the accused's premises and no explanation of its presence there is offered on defense. *Evans* v. *State,* 133 Miss. 663; *McElhenny* v. *State,* 135 Miss. 210; *Reynolds* v. *State,* 101 So. 485; *Kidd* v. *State,* 102 So. 68.

The presumption of innocence in cases of this kind may be overcome to a very large extent by proof of silence and the failure to call witnesses who could testify of their own knowledge as to material facts, 12 Cyc. 385. Even in a prosecution for murder the possession of articles apparently taken from the deceased raises a *prima-facie* presumption of guilt that must be rebutted or

explained away by the accused. *Wilson* v. *U. S.*, 162 U. S. 613; 16 S. Ct. 895. On this authority we have, therefore, two elements, the use of the accused's property in the commission of the crime and the failure of the accused to produce evidence in rebuttal or explanation under circumstances that call for such evidence.

Reporter's Note: No brief submitted for the appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Cunningham, was arrested and tried in the city court on a charge of violating the Speed Law and appealed to the circuit court, where, at the conclusion of the evidence, there was, on motion, a direct verdict to find the defendant not guilty, from which the city has attempted to appeal.

The evidence relied on is that of the marshal and a policeman who saw the license number on the car and followed it in another car and testified that it was going in excess of the speed fixed by ordinance. They could not say who was in the car, but saw some persons whom they were unable to identify. The city ordinance was introduced and also the register of automobiles, which showed that the car number or license number on the car belonged to the defendant, Cunningham.

However desirable it may be for the city to know whether this character of evidence is sufficient in law to secure a conviction if submitted to a jury, we are unable to entertain the appeal because it does not come within purview of the statute, section 40, Code of 1906; Hemingway's Code, section 16. In *Water Valley* v. *Davis*, 73 Miss. 521, 19 So. 235, this court held that neither section 40, Code of 1906, nor section 37 thereof, Hemingway's Code, sections 12 and 16, respectively, authorized an appeal by a municipality from a judgment of the circuit court discharging one arrested for violating ordinances of the municipality. In *State* v. *Willingham*, 86 Miss. 203, 38 So. 334, it was held that the state could not ap-

peal under this statute from a judgment discharging the defendant on the ground that the proof was insufficient to sustain a conviction. See, also, *Gulfport* v. *Stratakos,* 90 Miss. 489, 43 So. 818, 13 Ann. Cas. 855; *State* v. *Brooks,* 102 Miss. 661, 59 So. 860; *Jackson* v. *Harland,* 112 Miss. 41, 72 So. 850.

It follows from what we have said that the appeal here is unauthorized and will be dismissed.

*Appeal dismissed.*