CITY OF PASCAGOULA *v.* DELMAS *et al.*

(Division B. June 9, 1930.)

[128 So. 743. No. 28671.]

**H. B. Everitt,** of Pascagoula, for appellant.

**Griffith, J.,** delivered the opinion of the court.

Appellees were convicted in the city police court of the violation of an ordinance which made it an offense against the city for any person to "knowingly, wilfully or negligently permit or cause" any cow, or other animal of that kind, to run at large within the municipal boundaries of appellant city. On appeal to the circuit court, and on the trial therein, the circuit judge sustained a motion to exclude the evidence in behalf of the city and for a peremptory instruction, and appellees were acquitted.

"An appeal from a judgment . . . of acquittal pursuant to an instruction to the jury so to do does not present a question of law for decision by this court under section 40, Code 1906" (section 15, Hemingway's 1927 Code). State v. Bourdon, 126 Miss. 877, 89 So. 76; State v. Adams, 123 Miss. 514, 86 So. 337; State v. Willingham, 86 Miss. 203, 38 So. 334; State v. Brooks, 102 Miss. 661, 59 So. 860; Jackson v. Harland, 112 Miss. 41, 72 So. 850; City of Pascagoula v. Cunningham, 141 Miss. 604, 106 So. 886. The basis of those decisions is that an appeal will not be considered, under the cited section, when the judgment was, or may have been, on a question or questions of fact, or upon a mixed question of fact and law. It is only when upon the whole record the law question is dis-

tinctly unmixed with a decision on the facts and circumstances of the case that such an appeal will be entertained.

The case at bar is an illustration of that rule. The undisputed proof showed that appellees lived about one-half mile east of the eastern city limits; that they were in the butcher, and dairy and vegetable business; that they owned, and for some time past had owned, about thirty or forty head of cattle, which they habitually turned upon the open range adjacent to their residence; that in the past from time to time some of these cattle would come over into the city limits and would be taken up by the poundkeeper, and that upon notification appellees would immediately come and get them, paying the fees required by the poundkeeper for their release. On the occasion in question the poundkeeper found twelve head of appellees' cattle at a point nearly one-quarter of a mile within the eastern city limits, and it was upon that latter circumstance that the charge against appellees was made and prosecuted. On the trial the city was unable to prove that this particular twelve head had ever before been within the city limits, and, as expressly shown by the record, the circuit judge ruled that this fact was necessary to be proved because of the common observation that different small groups of cattle have known habits in regard to their range and in the habitual direction and immediate vicinity selected by these groups for their range; in consequence of which, without the specific proof mentioned, this particular group may have had the known fixed habit of ranging in a different direction from the city. This is a sufficient statement to show that the decision was based upon, or at least was inextricably mixed with, questions of fact, and hence no appeal lies.

It is said in appellant's brief that the decision was, in fact, based upon an erroneous view of the trial judge that a conviction could not be had because appellees re-

sided beyond the city limits. Personally we accept as true any statement made by counsel who is a member of the supreme court bar, but officially we can act only on the record; and the record shows only what we have hereinabove stated. Moreover, if anything was said by the learned circuit judge, not of record, which gave the impression mentioned, his remarks must have been misinterpreted, for it is well settled that a nonresident may be prosecuted for the violation of a city ordinance of the character here in hand, as may be seen in the report of, and the annotations to, the case Tutt v. Greenville, 142 Ky. 536, 134 S. W. 890, in 33 L. R. A. (N. S.) 331.

Appeal dismissed.