CITY OF LUMBERTON *v.* FREDERICK.

(Division B. Oct. 10, 1932.)

[143 So. 488. No. 30277.]

John A. Yeager, of Lumberton, and T. W. Davis, Jr., of Purvis, for appellant.

458

**Anderson, J.,** delivered the opinion of the court.

Appellee was prosecuted in the municipal court of the city of Lumberton for the crime of being in possession of intoxicating liquor in violation of an ordinance of said city. He was convicted, and from that judgment appealed to the circuit court, where there was a trial de novo resulting in verdict and judgment of acquittal. From that judgment appellant prosecutes this appeal under the authority of paragraph 2 of section 19 of the Code of 1930.

The evidence showed the appellee's guilt to a moral certainty and beyond all reasonable doubt. In fact there was no conflict in the evidence as to his guilt. He was acquitted because the court held that the city of Lumberton had no valid ordinance prohibiting the possession of intoxicating liquor. The ordinance relied on was introduced by the city and objected to by appellee. It is what is known as a "blanket ordinance," and was adopted under the authority of section 3410 of the Code of 1906, which has been continuously in force since and appears as section 2549 of the Code of 1930. That statute provides as follows: "All offenses under the penal laws of the state which are a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case, and upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporations."

The caption to the ordinance recited that it was an ordinance of the "Town of Lumberton." The ordinance was passed in 1920. At that time, under the laws of this state, Lumberton was a town and not a city, but when this case was tried it had become a city. Appellee's objections to the introduction of the ordinance may be summed up into two: First, that the ordinance had no force as law of the city of Lumberton because it was adopted when Lumberton was a town and before it became a city; second, that the liquor laws of the state declaring certain violations thereof misdemeanors have been materially changed since 1920 when the ordinance was adopted, and therefore it was without any force and effect. The court sustained the objection to the ordinance and ruled it out. A judgment of not guilty therefore necessarily followed.

We will consider the objections to the ordinance in the order stated. When a municipality under the law has sufficient population to raise it from a town to a city, it does not follow that thereby all the laws of the town are repealed unless the city chooses to readopt them. If that were true, for a like reason all the contracts and obligations of the town, in order to have any binding force on the city, would have to be reenacted by it. The changing grade of a municipality from village to town and from town to city has no effect whatever on existing laws and contracts and obligations of the municipality. They remain in full force and effect. If that were not true, it is at once apparent the harmful and disastrous results that would follow.

That the other objection to the ordinance is without merit has been, settled by decisions of this court. An ordinance making all offenses that amount, to misdemeanors under the laws of the state offenses against the municipality when committed within its limits includes all offenses that the Legislature may subsequently declare to be misdemeanors. Smothers v. City of Jackson,

92 Miss. 327, 45 So. 982; Lindsey v. City of Louisville, 156 Miss. 66, 125 So. 558. The court therefore erred in ruling the ordinance out.

This case was not briefed nor argued orally on behalf of appellee. However, the question of jurisdiction of this court to entertain the appeal arises on the record. It is the duty of this court to raise that question of its own motion as it has often decided. Paragraph 2 of section 19 of the Code of 1930, provides as follows:

"The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases: . . .

"(2) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented."

It will be observed that the first clause of the paragraph provides that a municipality may prosecute an appeal to the Supreme Court from a judgment actually acquitting a defendant where a question of law has been decided adversely to the municipality. This case clearly comes within both the letter and the purpose of this statute. A question of law was decided adversely to the municipality, and the decision of the court resulted in the acquittal of the defendant. The case of City of Water Valley v. Davis, 73 Miss. 521, 19 So. 235, has no application because, when that case was decided, there was no such statute in existence as paragraph 2 of section 19, Code of 1930. City of Gulfport v. Stratakos, 90 Miss. 489, 43 So. 812, 13 Ann. Cas. 855, and City of Greenwood v. Jones, 91 Miss. 728, 46 So. 161, are in point. City of Pascagoula v. Cunningham, 141 Miss. 604, 106 So. 886, is not in point. It was held in the latter case that an appeal by a municipality from a judgment discharging a

person accused of violating an ordinance on the ground that the evidence was insufficient to prove the case was not authorized by the statute because there was an issue of fact involved and not one of law.

Under the last clause of the statute, the defendant cannot be further prosecuted under the ordinance, nor can the judgment of acquittal be reversed. This court decides the question for the future guide of the courts when the same question shall arise. The city should be taxed with the costs of the appeal.

Error.