STATE *v.* JACKSON.

Apr. 27, 1953

No. 38663            29 Adv. S. 32            64 So. 2d 341

*J. P. Coleman,* Attorney General, for appellant.

*Robert B. Smith,* for appellee.

HOLMES, J.

The appellant was charged by indictment with storing beer in Tippah County, wherein pursuant to an election duly called and held for the purpose, it was determined that the storage of beer in said county was prohibited.

At the conclusion of the State's evidence, the appellant made a motion to exclude the evidence for the state and direct a verdict of acquittal for the appellant, and this motion was sustained by the court and a judgment of acquittal was entered accordingly. The State appeals from this judgment of acquittal, assigning as error the action of the trial court in sustaining the appellant's motion to exclude the State's evidence and peremptorily instructing the jury to acquit the appellant.

In excluding the State's evidence and directing an acquittal, the trial court based its ruling upon the ground

that the evidence was insufficient to establish the offense charged. We do not pass upon the sufficiency of the evidence to support the offense charged in the indictment for the reason that the appeal must be dismissed because not warranted by law.

The right of the state or a municipality to appeal in a criminal case is governed by Sec. 1153, Code of 1942 (Sec. 19, Code of 1930, Sec. 16, Hemmingway's Code of 1917, Sec. 40, Code of 1906).

We have consistently held that the aforesaid statute does not authorize the state or a municipality to appeal from a judgment discharging a defendant upon the ground that the proof was insufficient to sustain the conviction. In the case of State v. Willingham, et al., 86 Miss. 203, 38 So. 334, the Court said: "At the conclusion of the testimony on behalf of the state the court sustained a motion to exclude. From that ruling discharging the defendant the state prosecutes this appeal. No question of law is presented by this record, but a decision of the court merely passing upon the sufficiency of the proof to sustain a conviction. In such state of case there is no warrant of law for the taking of an appeal by the state, wherefore this appeal is dismissed."

Again in the case of State v. Bourdon, 126 Miss. 877, 89 So. 769, the Court said: "As pointed out by counsel for the appellee, an appeal from a judgment rendered on a verdict of acquittal pursuant to an instruction to the jury so to do does not present a question of law for decision by this court under Sec. 40, Code of 1906 (Hemmingway's Code, Sec. 16). State v. Willingham, 86 Miss. 203, 38 South. 334; State v. Brooks, 102 Miss. 661, 59 South. 860; City of Jackson v. Harland, 112 Miss. 41, 72 South. 850. Consequently the appeal will be dismissed."

In the case of State v. Blackburn, 34 So. 2d 199, the Court quoted from the opinion in State v. Ashley, 194 Miss. 110, 11 So. 2d 832, as follows:

"An appeal does not lie on behalf of the State or a municipality under section 19, Code of 1930, from a judgment of acquittal based upon a directed verdict in favor of a defendant in a criminal case where the peremptory instruction in such case is granted because of the insufficiency of the evidence to sustain the charge made in the affidavit or indictment, even though the question involved on the ruling of the trial court may be a mixed one of law and fact. City of Pascagoula v. Delmas, et al., 157 Miss. 619, 128 So. 743; State v. Bourdon, 126 Miss. 877, 89 So. 769; State v. Adams, 123 Miss. 514, 86 So. 337; State v. Willingham, 86 Miss. 203, 38 So. 334; State v. Brooks, 102 Miss. 661, 59 So. 860; City of Jackson v. Harland, 112 Miss. 41, 72 So. 850; City of Pascagoula v. Cunningham, 141 Miss. 604, 106 So. 886."

It accordingly follows that the appeal in this case must be, and it is, dismissed.

Appeal dismissed.

*McGehee, C. J.,* and *Hall, Arrington,* and *Lotterhos, JJ.,* concur.