POPE *v.* STATE

No. 42031          December 18, 1961          135 So. 2d 818

W. W. Dent, D. A. McLeod, Mt. Olive, for appellant.

G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

The appellant Pearlie Pope was convicted in the Justice of the Peace Court of Covington County for the crime of selling intoxicating liquor. He appealed to the Circuit Court where he was again convicted, and from the sentence of that Court he has appealed to this Court.

The testimony reveals that on June 11, 1960, three men purchased a pint of whiskey from defendant, on a lonely country road in Covington County, for the price of $4.00. Just as the customers were about to "pull off" and leave, the Sheriff of Covington County appeared in front of them, about the same time Pearlie Pope disappeared from beside them, taking with him the aforementioned $4.00. The sheriff asked the customers where the whiskey was, and the situation having deteriorated so rapidly, they forgot their thirst and turned the contraband over to him without having uncorked the bottle.

The customers and the sheriff testified against the defendant.

Pearlie Pope complains on appeal that the admission of the testimony of the sheriff, when he was asked why he was out there and replied "Well, I was out there with the report, oh, a number of times, that Pearlie was operating off the road north", was inadmissable be-

cause it presented to the jury the reputation of the defendant. The defendant objected on the ground that he had not placed his reputation in issue, and the sheriff's testimony tended to show the commission of a crime other than that for which he was being tried.

■ ■ It is a general rule that testimony cannot be introduced in a criminal case to show bad reputation of a defendant until he has put his reputation in issue by offering testimony to show good character. See Smothers v. City of Jackson, 92 Miss. 327, 45 So. 982; State v. Sisk, 209 Miss. 174, 46 So. 2d 191; 22A C. J. S., Sec. 682, p. 729; Wallace v. State, 170 Miss. 454, 155 So. 197; Hawkins v. State, 224 Miss. 309, 80 So. 2d 1. ■ ■ In the case at bar, however, the testimony is so overwhelming that defendant is guilty of selling intoxicating liquor, the sheriff's testimony with reference to "a report, oh, a number of times, that Pearlie was operating off the road north", pales into insignificance and is harmless, if in fact it were an error. See Hinton v. State, 209 Miss. 608, 46 So. 2d 445; Page v. State, 208 Miss. 347, 44 So. 2d 459; 22 C. J. S., Criminal Law, Sec. 401 (11), p. 1069; McMullen v. Mayo, 8 S & M (Miss.) 298.

■ ■ We do not find reversible error in the record of this case, and for that reason the judgment of the trial court is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Arrington* and *McElroy, JJ.,* concur.