KING, C.J.,
Dissenting.
¶ 16. The majority has decided that under the facts of this case, the issue of whether the trial court improperly suppressed evidence was a pure question of law, and thus subject to appellate review pursuant to Section 99-35-103(b), Miss.
*767 Code Ann. (2000) [1] Believing that position to be error, I respectfully dissent from the majority opinion herein.
¶ 17. Simplistically stated, questions of law require the almost mechanical application of a formula to a set of facts, while questions of fact require a determination to believe or not believe.
¶ 18. The officer testified that his search of White was due to a concern for his personal safety. The question of whether the officer searched White for his personal safety required the trial judge to determine whether he did, or did not, believe the officer. It was thus an issue of fact rather than law. Issues of fact, or mixed questions of fact and law are not subject to appeal. City of Pascagoula v. Delmas, 157 Miss. 619, 128 So. 743 (1930). Accordingly, the State lacked the authority to pursue this appeal.
¶ 19. When the trial judge sits as the trier of fact, his findings of facts, where supported by substantial ’evidence, are binding upon this Court even where we would decide otherwise if the decision in the first instance belonged to us. Johnson v. State, 721 So.2d 650, 657 (¶23) (Miss.Ct. App.1998). In this case the trial judge found the officer’s testimony lacking in credibility, arid therefore suppressed the evidence.
¶ 20. The trial judge ruled:
BY THE COURT: Well, I’m going to grant the motion to dismiss, and I’m going to say why too on the record. I’m certainly extremely concerned, I think like anybody would be or all citizens, everybody, about officer’s safety, and officers certainly ought to ensure and guarantee their safety because of the public service they perform. And I was sitting here thinking about what to do about this, and I certainly don’t want to do anything that would discourage officers from doing everything that they can to make sure that they’re safe, and I got to thinking, well, maybe this would encourage them to be more safe.
The only thing I can say — I have just the ultimate respect for Scott, and I think he does a great job. Please don’t take this in any way personal, Officer, at all, but the only thing I would say in this situation is that you really did wrong was you need to be more careful about your safety because I was concerned that you let her get in your car.
That’s the problem here. You sat in the car and talked to her for 15 or 20 minutes, and although — again, I just have the ultimate respect for Scott and his ability as a law enforcement officer. I think if I went the other way, it might be used by other law enforcement officers that might not have the integrity that you do, sir, as a pretextual search after they know that there’s no reason to be concerned with the safety for a pat-down, -and they don’t do the pat-down after a 15-minute conversation and then they just start looking for something, some way to do it.
That’s my concern here. It’s not this officer’s consideration, but I certainly *768 don’t want to set a precedent and let anybody think that they could engage in a situation. I would encourage you to be more careful with your safety, Officer.
So anyway, my decision is going to be to dismiss because I don’t think it would have been reasonable for safety purposes at the time — after that length of time had passed of having her in your car.
Okay. That’s the order of the Court
¶ 21. Because the trial court found as unbelievable the officer’s testimony that the search was conducted for reasons of personal safety, and suppressed the evidence, the issue was one of fact. The State may not appeal on issues of fact. I would therefore dismiss the appeal.
IRVING AND ISHEE, JJ., JOIN THIS OPINION.
[[Image here]]

. Pursuant to Miss.Code Ann. § 99-35-103(b) (Rev.2000) which provides in relevant part that:
The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
(b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented.