CORDELL *v.* STATE.*

(Division A. Oct. 6, 1924.)

[101 So. 380. No. 23990.]

HOMICIDE. *Threat admissible, though conditional.*

> In case of assault and battery with intent to kill and murder, a conditional threat is not inadmissible in evidence because it is conditional.

---

*Headnote 1. Homicide, 30 C. J., section 475.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

J. C. Cordell was convicted of shooting another with intent to kill, and he appeals. Reversed and remanded.

*Clark, Roberts & Hallam* and *Somerville & Somerville,* for appellant.

Arnold appeared before the house where defendant was and asked for his money. Now Arnold had previously stated that if he didn't get that money, he was going to murder the defendant. If a creditor comes to the debtor and asks for his money, that is one thing, but if a man of bad character, possessed of a pistol, in the habit of carrying a pistol for other people, comes to see you and · you have just been told by several people that he said he was coming to get his money and if he didn't get the money he was going to kill you, why obviously that is an entirely different case. The two situations are as far apart as the North and South pole. On the question of self-defense, the most important evidence that could be thought of is the evidence leading up to the difficulty. The evidence in this case leading up to the difficulty is the evidence of the threats. To take the threats out of the case is to take away from this defendant the main justification for what the defendant did.

In our view of the case, therefore, when the court ruled that these threats were incompetent, it took away from this defendant the most substantial right that he has under the law. The only justification in the decisions of Mississippi for the ruling of the court is, *Preston Smith* v. *State,* 1 Miss. 19. The leading case at the present time in this state, and one which leaves no question as to the position of the supreme court, is *Clark* v. *State,* 85 So. 188.

This question of law, it seems to us, is absolutely and finally settled in our favor. The court will note that the threat was "when I go after my money, if he don't pay me, I will kill him." It appears that he went after his money. And there appears that the defendant did not pay him and the defendant knew that he did not have the money and could not possibly pay him. The defend-

ant, therefore, knew that the condition had been met and that the time had come when Arnold was going to kill the defendant. See, also, *State* v. *Sloan*, 56 Pac. 364; Underhill Cir. Ev. 382; 1 Wigmore on Evidence, sec. 107; *Cribbs* v. *State*, 6 So. (Ala.), 109; *Smith* v. *State*, 62 So. 864-868; *Carmichael* v. *State*, 72 So. 405; *Glover* v. *State*, 76 So. 300; *State* v. *Bradley*, 32 Atl. 238. See, also, 10 Dec. Dig. 621, sec. 158 (3); 26 Cen. Dig. 482, sec. 295; 12 Sec. Dig. 143, Second Edition. These key numbers cover the entire field and we find no dissent in any of these from the proposition as we have laid it down.

We find that in this state in *Boatright* v. *State*, 83 So. 311, it was permitted to show that Boatright said he would kill any officer who tried to arrest him. In *Harris* v. *State*, 72 Miss. 99; 16 So. 360, the evidence was admitted that, "He would kill any two men who came to arrest him." We also think the following cases are in our favor. *Petty* v. *State*, 35 So. 213; *Newcomb* v. *State*, 37 So. 383; *Primm* v. *State*, 73 Miss. 838; *Johnson* v. *State*, 54 Miss. 430.

*Francis S. Harmon,* Special Assistant Attorney-General, for the state.

Appellant insists that the trial court committed reversible error in excluding evidence with regard to conditional threats alleged to have been made by Arnold on Saturday before the shooting, to the effect that if appellant did not pay him when he demanded his money he was going to kill him. These threats were communicated to appellant and he likewise testified in regard to same.

The trial judge excluded this testimony on the ground that a conditional threat was inadmissible, and appellant assigning this as error, cites *Clark* v. *The State*, 85 So. 188, as the star case for his contention. The most casual reading of that authority will show how different are the facts of that case from the facts of the case at bar.

But conceding that a conditional threat is admissible, it is perfectly well settled that such threats can only be testified to when a definite overt act on the part of the deceased has been proved by a preponderance of the evidence. It is submitted on behalf of the state that the testimony of the appellant in his own behalf, is insufficient to prove such an overt act in this case and therefore, the evidence of these threats was properly excluded by the trial court. An effort is made to establish an overt act by virtue of the testimony of appellant that when George Arnold called him back to the spot where Arnold was sitting on his mule, Arnold threw his hand in his pocket. But appellant admitted in the same breath, that he did not wait to see if he was coming out with a gun and that he did not ever see a gun in his hand.

The jury, the primary triers of fact, certainly did not consider an overt act sufficiently proved because by their verdict, they said as much and the trial judge was justified in excluding the testimony as to the threats for the same reason.

While the state of this record is not entirely satisfactory, the court is referred to these authorities in the behalf that they will indicate the correctness of the trial judge's holding, even though justifying that holding on the ground of a failure to prove an overt act rather than on the conditional character of the threats.

In the recent cases of *Ducas Brown* v. *The State*, No. 24156, decided June 16, 1924, and *Dewitt Dickerson* v. *The State*, No. 23970, decided June 16, 1924, this court took the same position here contended for and insisted that an overt act must be clearly shown in order to justify the admissibility of previous threats.

Argued orally by *A. D. Somerville,* for appellant, and *Francis Harmon,* Special Assistant Attorney-General, for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant J. C. Cordell, was indicted and convicted in the circuit court of Bolivar county of the crime of shooting with intent to kill Ernest Arnold and sentenced to one year in the penitentiary, from which judgment he prosecutes this appeal.

Appellant was indebted to Ernest Arnold. Arnold went to appellant's home and demanded payment of the indebtedness due him by appellant. An altercation between them followed, resulting in appellant shooting Arnold with a pistol. Appellant's evidence tended to show that, at the time, of the shooting, Arnold was the aggressor and appellant shot in self-defense; that, during the altercation, Arnold made a move, with his hand toward his pocket as if to pull a pistol, and thereupon appellant drew his pistol and shot Arnold.

Appellant as a part of his case of self-defense offered evidence to prove that previous to the shooting Arnold had threatened to kill appellant. The threat which appellant offered to prove, and which was ruled out by the court, was in the nature of a conditional threat, which was the ground upon which the trial court ruled it out. Appellant offered witnesses to prove in substance that shortly before the shooting Arnold said in their presence that, if appellant did not pay him (Arnold) what he owed him, he would kill appellant. Appellant's evidence tended to show that immediately before the shooting Arnold demanded of appellant payment of what appellant was due him, which appellant stated he could not pay until the next day. Therefore, according to appellant's evidence, the contingency upon which Arnold's threat was based had been met. Appellant's evidence of Arnold's threats should have been admitted. *Clark* v. *State,* 123 Miss. 147, 85 So. 188.

*Reversed and remanded.*