SMITH *v.* STATE.*

(Division B. Nov. 5, 1928.)

[118 So. 710. No. 27387.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1275, p. 641, n. 30; Homicide, 30CJ, section ·315, p. 118, n. 87; section 367, p. 155, n. 75; Indictments and Informations, 31CJ, section 54, p. 587, n. 5; section 113, p. 619, n. 5; section 114, p. 619, n. 17.

*W. A. Blair,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for appellee.

ETHRIDGE, P. J. The appellant was indicted on a charge of assault with intent to kill and murder one R. G. Kellum, the allegation, omitting the formal parts, being as follows:

"In and upon one R. G. Kellum then and there did unlawfully and feloniously make an assault with a certain deadly weapon, to-wit, a pistol, and with said pistol did then and there shoot and wound the said R. G. Kellum, with intent him, the said R. G. Kellum, willfully, unlawfully, and feloniously and of malice aforethought to kill and murder," etc.

The indictment was signed by the foreman of the grand jury, but not by the district attorney. It was demurred

to, first, on the ground that the indictment was not signed by the district attorney; second, that the indictment failed to charge that the attack was willful; third, that the indictment failed to insert the words "and battery" after the word "assault;" fourth, that the indictment failed to charge that the assault or battery was committed with the malice aforethought of Allen Smith. The demurrer was overruled.

We think the indictment is sufficient to charge the offense denounced by the statute, section 807, Hemingway's Code of 1927 (section 1043, Code of 1906), which provides:

"Every person who shall be convicted . . . of any assault or assault and battery upon another with any deadly weapon, or other means or force likely to produce death, with intent to kill and murder," etc.

We think the words used in the indictment charging that it was unlawfully and feloniously done sufficiently indicate the wilfulness of the act. "Feloniously" indicates with deliberate intent to commit an unlawful act, contrary to law, constituting a felony. The indictment sufficiently sets forth the offense by following the words of the statute, in the present case.

It is not necessary for the district attorney to sign the indictment. It is sufficient for the indictment to be returned in court by the grand jury, twelve or more appearing in open court, and concurring in the finding, signed by the foreman of the grand jury, and received and marked "Filed" by the clerk.

It is next assigned that the court erred in permitting the witness Sump Harris to testify over the objection of the defendant, to the threats made by the appellant on the Sunday preceding the shooting on Friday. Mr. Harris testified that on the Sunday preceding the shooting, Mr. Kellum and the father of the appellant were having some pretty loud talk; and that the appellant, being present, said, "Mr. Bob (referring to Kellum) had

better not start anything around here; I will shoot him.''
And, also, that appellant said, ''I keep it on me all the
time, ready.''

We think it competent for the purpose of showing a
malicious shooting to make known this threat. *Cordell
v. State,* 136 Miss. 293, 101 So. 380; *Clark v. State,* 123
Miss. 147, 85 So. 188.

It was also assigned as error that the court erred in
not letting Dr. Lilly, a physician, testify as to what the
sheriff told him with reference to asking for an X-ray.
We do not think the court committed any error in exclud-
ing this statement.

We have examined the other assignments of error, and
think there is no merit in any of them. The judgment
of the court will therefore be affirmed.

*Affirmed.*