STATE *v.* MAY.

In Banc. April 10, 1950.

No. 37556 (45 So. (2d) 728)

George H. Ethridge, Acting Attorney General, for appellant.

No brief filed for appellee.

**Smith, J.**

This is an appeal by the State from an order of the Circuit Court of Lee County, sustaining defendant's demurrer to an indictment for embezzlement. The defendant was ordered held under his same bond pending "possible action of another Grand Jury."

The State appealed under authority of subsection (1), Section 1153, Code 1942, which reads as follows: "From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense."

Only a question of law is presented by this appeal by the State of Mississippi, and the only assignment of error is that "The Circuit Court of Lee County erred in sustaining the demurrer to the indictment." We have held that such appeal may be taken only on a question of law. State v. Wall, 98 Miss. 521, 54 So. 5; City of Gulfport v. Stratakos, 90 Miss. 489, 43 So. 812, 13 Ann. Cas. 855.

The indictment is in this language: "The Grand Jurors of the State of Mississippi, elected, summoned, impaneled, sworn and charged to inquire in and for the body of Lee County, State of Mississippi, at the term aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that *J. May* late of the county aforesaid on the *17th* day of *November, A. D., 1948* with force and arms in the county aforesaid and within the jurisdiction of this court being then and there, by virtue of an oral contract of employment, the salesman and agent of one Walker Francis, did then and

there, by virtue of said contract of employment as salesman and agent, have in and under his care and possession of the property of the said Walker Francis, one 1947 Model Chevrolet two door coach automobile, which said automobile, under the terms of said contract the said J. May was to sell for not less than $2175 and to immediately deliver the said sum of money received in payment, to the said Walker Francis, and did afterwards, then and there, sell said automobile, under the terms of said contract, for $2175 and did, then and there, receive into and under his care and possession the aforesaid money, and did afterwards, then and there, without the consent of the said Walker Francis, feloniously embezzle the said money in the amount of and of the value of $2175, the property of Walker Francis, and did fraudulently and feloniously convert the same to his own use contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.''

The demurrer contains twelve grounds of attack upon the foregoing indictment, only three of which, however, have been deemed worthy of discussion by this Court. They are the first ground, ''That the indictment alleges the offense occurred November 17, 1948, whereas that was the date of the returning of the indictment.'' Also, the sixth ground, ''That the indictment does not allege the date of the alleged sale of the 1947 model Chevrolet by agents, bailees, et cetera, of property generally, or indictment does not allege the name of the person to whom the 1947 model Chevrolet was alleged to have been sold.''

There is some difficulty in determining under what particular statute the indictment was returned, whether under Section 2115, Code 1942, covering embezzlement by agents, bailees, et cetera, of property generally, or Section 2118, Code 1942, dealing with embezzlement of property held in trust or received on contract. How-

ever, since the indictment charges that the defendant "by virtue of an oral contract of employment, . . . did then and there, by virtue of said contract as salesman and agent, have in and under his care and possession of the property of the said Walker Francis, . . . under the terms of said contract the said J. May was to sell for not less than $2175 and to immediately deliver the said sum of money received in payment, to the said Francis Walker, and did afterwards, then and there, sell said automobile, under the terms of said contract, for $2175 and did, then and there, receive into and under his care and possession the aforesaid money, and did afterwards, then and there, . . . feloniously embezzle the said money . . .," we have concluded that th indictment was returned under Section 2118, Code 1942. The defendant was charged with embezzling the proceeds of the sale. The latter statute makes an act embezzlement if any person fraudulently appropriate personal property or money which has been delivered to him, ". . . on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, . . .". However, this point was not raised in the demurrer.

As to the challenge of the indictment because it charges that the alleged crime was committed on November 17, 1948, and the indictment was returned on that same date, we are of the opinion that the indictment was not invalidated thereby. It is true that it appears to be the general rule that "Except as affected by statute, it is generally held that it must appear from the indictment that the offense was committed prior to its finding, and the failure to make such a showing is a matter of substance, and not of form, and cannot be amended or rejected as immaterial." 42 C. J. S., Indictments and Informations, Section 125, Subsection d, page 1009.

This very rule, however, states that it obtains unless affected by statute. In this State, we do have such a statute, Section 2451, Code 1942, dealing specifically with

allegations of time in indictments. · "An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened . . .". Certainly time is not of the essence of the offense of embezzlement, and there is no statute of limitation as to prosecutions for embezzlement.

The public policy of this State on this subject is further illustrated, in cases where there is an applicable statute of limitations, by the rule that evidence of the commission of the crime at any date within two years prior to the finding of the indictment may be admitted. Kolb v. State, 129 Miss. 834, 93 So. 358, and others.

. We are, therefore, of the opinion that it was error to sustain this ground of the demurrer.

 As to the other two, set out hereinbefore, we have concluded also that the demurrer should not have been sustained because of the failure of the indictment to state the matters omitted. Indictments do not have to set forth the evidence, but only enough to inform the defendant sufficiently of the charge therein laid against him. Thus, we think this indictment does. It would have been harmless to give this information in the indictment, but, we think, equally harmless to fail to do so. We believe the trial judge was in error to sustain the demurrer to the indictment.

 The defendant was held under the same bond to await the possible action of another grand jury. But we have concluded that error was committed, in sustaining the demurrer, and the State has appealed. The question of what judgment should be entered here, in addition to reversing the action of the lower court in sustaining the demurrer, in our view, is settled in the case of State

v. Bacon, 77 Miss. 366, 27 So. 563, 564. It is true that case dealt with a quashal of the indictment, but the same should apply where a demurrer is sustained to the effect that the demurrer is fatally defective, as in the case at bar. We said in the Bacon case, "We have construed 'another prosecution' to mean, in this statute (Section 39, Code 1892), another trial on the same indictment. The purpose of the law is not to permit those validly indicted to escape trial on the merits by reason of an improper quashal of the indictment by the circuit court. If, in such case, the only method of continuing the prosecution was by the finding of a new indictment, it might be that witnesses might die, or there might occur many things hindering and delaying the administration of justice, whereby parties once properly indicted might escape both reindictment and a trial on the merits."

It is, therefore our conclusion that the judgment must be, and it is, reversed, and the demurrer overruled, and the cause remanded for trial on the indictment.

Reversed, demurrer overruled, and cause remanded for trial on the indictment.