STATE *v.* WINGO, et al.

June 14, 1954

No. 39151        67 Adv. S. 106        73 So. 2d 107

*Martin R. McLendon,* McComb, for appellant.

*M. M. Roberts,* Hattiesburg, for appellees.

Holmes, J.

This is an appeal from a judgment of the Circuit Court of Forrest County reversing a judgment of the County Court of said county adjudging the appellees to be guilty

of contempt of court and imposing a fine of $100 and a sentence of ten days in jail upon each of them, and suspending one-half of such fine and sentence. In reversing the judgment of the county court, the circuit court discharged the defendants, and from this judgment this appeal is attempted to be prosecuted by the State of Mississippi.

The appeal is before us on its merits, and also on a motion to dismiss the appeal. We have concluded that the motion to dismiss the appeal should be sustained and we therefore deal only with the motion.

The charges of contempt arose as follows: On August 8, 1952, Grover Prichard, one of the appellees, was charged by affidavit in the County Court of Forrest County with the offense of unlawfully selling intoxicating liquor. The defendant was represented by the appellees, Earle L. Wingo, W. Arlington Jones, and James Finch, as his attorneys. Preliminary to the trial of the case, the said attorneys filed on behalf of the defendant Prichard a motion for the county judge to recuse himself upon the grounds that he was disqualified by reason of bias and prejudice to preside at the trial of the cause. We deem it unnecessary to relate in detail the averments of the motion. It is sufficient to say that the motion charged in general that the judge had so openly aligned himself with forces engaged in the public advocacy of the strict enforcement of the liquor laws that he had become biased and prejudiced against all persons charged with the violation of such laws to the extent that he was unable to accord to a defendant in such cases a fair and impartial trial. Testimony was introduced on the hearing of the motion and at the conclusion thereof the court found that the evidence was insufficient to support the charges in the motion, and forthwith entered an order directing that said motion be stricken from the files as contemptuous, and adjudging the appellees to be guilty of a direct contempt of court in that the charges of bias and prejudice set forth in the motion were wilfully, falsely, maliciously,

and contemptuously represented therein for the purpose of embarrassing the court and delaying, impeding, and obstructing the administration of justice, and imposing upon the appellees a fine and sentence as hereinbefore stated.

On this appeal from the judgment of the circuit court which reversed the judgment of the county court and discharged the appellees, we are concerned here with the question of the right of the State of Mississippi to appeal from the circuit court's judgment of acquittal, which question is raised by the motion filed in this Court to dismiss the appeal. The right of the State to appeal from an adverse judgment in criminal cases is governed by Section 1153 of the Code of 1942, which, in its applicable parts, is as follows:

"The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases: . . . (2) from a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented."

We have consistently held that the aforesaid statute does not authorize the State to appeal from a judgment of acquittal where the judgment was based upon a question of fact, or upon a mixed question of fact and law. City of Pascagoula v. Delmas, et al., 167 Miss. 19, 128 So. 743; State v. Jackson, 217 Miss. 412, 64 So. 2d 341.

The circuit court, in the case at bar, found that the judgment of the county court had no foundation in law or fact, and basing its judgment upon this finding, and therefore upon a mixed question of law. and fact, it entered a judgment reversing the judgment of the county court and discharging the appellees.

██ ██ The question is presented, therefore, whether or not the contempt charge here involved is criminal in its nature and governed by the rules applicable to criminal cases. We think this question must be answered in the affirmative. The appellees were adjudged to be guilty of a direct contempt in that their conduct was such as to embarrass the court and delay, impede and obstruct the administration of justice, and the court imposed upon each of them a fine and jail sentence. We think that under well recognized principles, the nature of the charge was such as to constitute the same a criminal contempt governed by the rules applicable to criminal cases.

"A criminal contempt is conduct that is directed against the dignity and authority of the court, or a judge acting judicially; it is an act obstructing the administration of justice which tends to bring the court into disrepute or disrespect." 17 C. J. S., p. 7, Sec. 5.

"In general, contempts of court for which punishment is inflicted for the primary purpose of vindicating public authority are denominated criminal, while those in which the enforcement of civil rights and remedies is the ultimate object of the punishment are denominated civil contempts; whether or not a fine or imprisonment is imposed is not a distinguishing test." 17 C. J. S., p. 8.

"A criminal contempt is an offense against society, while a civil contempt is rather an infringement on the rights of private persons." 17 C. J. S., p. 8.

"Where the proceeding is criminal in its nature, it is generally held that the state is the real prosecutor and must in some form be a party to the proceedings." 17 C. J. S., p. 79. Prine v. State, 143 Miss. 231, 108 So. 716.

"Contempt proceedings are generally regarded as being of two classes: Those to vindicate the dignity and authority of the court; and those brought to preserve and enforce the rights of private parties. The procedure in the two classes differs. The former are, as a rule, held criminal in their nature and are generally governed by the rules applicable to criminal cases." 17 C. J. S., p. 74.

In view of what we have heretofore said, and of the authorities cited, we are of the opinion that said Section 1153 of the Mississippi Code of 1942 is applicable to the appeal here sought to be prosecuted by the State, and that since the judgment of acquittal from which the appeal is attempted to be prosecuted is not based solely upon a question of law but upon a mixed question of law and fact, the State is without right to prosecute the appeal. Accordingly, the motion to dismiss the appeal is sustained.

Motion to dismiss appeal sustained.

*Roberds, P. J.*, and *Lee, Arrington* and *Ethridge, JJ.*, concur.