WASHINGTON *v.* STATE.

No. 39481          January 17, 1955          77 So. 2d 260

*W. S. Murphy,* Lucedale, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant, Jimmie Washington, was indicted, tried and convicted in the Circuit Court of Greene County, upon a charge of assault upon one Billy Joe Williams with a deadly weapon, to-wit, a shotgun, with intent to kill and murder, and was sentenced to serve 18 months in the state penitentiary; and from that judgment he prosecutes this appeal.

The alleged assault occurred in front of Clark's Gasoline Service Station in the Town of Leakesville on the night of April 9, 1954. Two witnesses, Billy Joe Williams and Billy Rae White, testified for the State. The witnesses testified that they drove up to the service station about 9:00 o'clock in a 1951 Ford automobile belonging to Billy Rae White. Two white boys, Vernon Bexley and Wilson Breland, had driven into the service station in a red jeep; and the appellant and two other Negroes, W. H. Moore and Jesse Packer, had arrived at the service

station about the same time in the appellant's green Chevrolet. Just as Billy Joe and Billy Rae got out of their car the appellant asked Vernon Bexley why he didn't dim his lights, and a heated argument ensued between the appellant and Bexley. Abusive language was used and many cursewords were uttered. Billy Joe Williams walked up and asked the appellant what was wrong. The appellant said, "I will show you what's wrong." The appellant then got back in his car and picked up a 16-gauge single barrel shotgun that was lying on the floor board of the car and placed the gun across his lap. The door of the car was open and the barrel of the gun was pointed toward Billy Joe Williams, who was standing three or four feet from the car door. The Moore boy, who had come to the service station with the appellant, walked around to the side of the car, put his hands on the appellant's arm, and told him to put the gun down, he would get in trouble about it. The Moore boy then said, "Lets go before we get in trouble." The appellant laid the gun back on the floor of the car, and he and Moore and Packer left the service station. As they turned and drove away in the appellant's car, one of the occupants of the car hollered out the window, "You sons of bitches come across the river and ask for Mr. Washington." Billy Rae White stated that he could not identify the voice as that of the appellant. Billy Joe Williams stated that Jimmie Washington made the remark.

The first point argued by the appellant's attorney as ground for reversal on this appeal is that the court erred in overruling the appellant's demurrer to the indictment. The appellant's criticism of the indictment is that it does not state definitely the time at which the offense was committed, and that the indictment fails to state clearly and fully the nature of the accusation preferred against him. But we think there is no substantial merit in this criticism. The indictment was

drawn under Section 2011, Code of 1942, and the language used in the indictment is substantially the same as the language used in the statute. There was no error in the action of the court in overruling the demurrer. Section 2451, Code of 1942; State v. May, 208 Miss. 862, 45 So. 2d 728; Smith v. State, 152 Miss. 114, 118 So. 710.

The next point argued by the appellant's attorney is that the evidence was insufficient to sustain a conviction of assault with a deadly weapon with intent to kill and murder, and that the court erred in refusing to grant the instruction requested by the appellant peremptorily instructing the jury that they could not find the appellant guilty of assault with intent to kill and murder and limiting the charge against the appellant to a charge of simple assault.

We think that the refusal of the above mentioned instruction was error. Neither Billy Joe Williams nor Billy Rae White was involved in the heated argument that was going on between the appellant and Vernon Bexley over the dimming of their lights at the time Billy Joe and Billy Rae drove into the service station. No words had passed between Billy Joe and the appellant until Billy Joe asked the appellant what was wrong, and the appellant said, "I will show you what's wrong." It is true that both State witnesses testified that after the appellant got in his car and lifted the shotgun from the floor board and laid it across his lap, the gun was pointing toward Billy Joe's midsection. But neither of the State witnesses testified that the appellant made any other movement indicating an intention to use the gun. The appellant testified that the gun was not loaded and that he had no cartridges for the gun. Both State witnesses testified that the door of the car was open; and that the appellant held the gun in his lap, with the barrel pointing in the direction of Billy Joe, until the Moore boy walked around the car, put his hand on the appel-

lant's shoulder, and said to him, "Lets go before we get in trouble." If the gun was loaded and the appellant had any intention of killing or murdering Billy Joe, there was nothing to prevent him from carrying out that intention.

■■ ■ A felonious intent is necessary to support the charge of assault with intent to kill and murder.

In the case of Toler v. State, 143 Miss. 96, 108 So. 443, the Court said:

"An intent to kill or murder is the gist of this offense, and it is the intent with which an assault is committed that raises it from a misdemeanor to a felony. An intent to murder may not be inferred from the mere fact of the leveling of a gun, but, on the contrary, the fact that the appellant did not shoot, or attempt to shoot, when there was nothing to prevent, tends to negative the existence of such an intent. In discussing this question in the case of Hairston v. State, 54 Miss. 689, 28 Am. Rep. 392, Judge Chalmers said that: 'In a somewhat extensive examination of the books, we have found no case of a conviction of assault with intent to kill or murder, upon proof only of the leveling of a gun or pistol.' "

■■ ■ We think that the evidence in the case that we have here is insufficient to support the jury's finding that the appellant's purpose was to kill and murder Billy Joe Williams. The evidence, however, was sufficient to support a conviction for simple assault. A conviction for the lesser offense was clearly justified, and since it is implicit in the jury's verdict, the cause will not be reversed, but affirmed as a conviction for simple assault, and remanded for appropriate sentence. Daniels v. State, 196 Miss. 328, 17 So. 2d 793; Edgar v. State, 202 Miss. 505, 32 So. 2d 441.

Criticism is made of several of the instructions granted to the State. But these criticisms relate mainly to language in the instructions relating to intent to kill and

788

murder; and in view of the fact that we are holding that the charge should have been limited to simple assault, it is not necessary that we discuss in detail errors alleged to have been committed in the granting of those instructions. Since the charge has been reduced to simple assault, the errors complained of do not in our opinion require a reversal of the judgment of conviction.

Affirmed and remanded for sentence.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.