## STATE *v.* CORRERO

No. 40360 May 6, 1957 94 So. 2d 911

*John H. Price, Jr., Asst. Atty Gen.,* Jackson, for appellant.

*Roberson, Luckett & Roberson,* Clarksdale, for appellee.

ROBERDS, P. J.

██ █ Correro, the appellee, was indicted and tried for obtaining property under false pretenses. When the State rested its case Correro moved the court to exclude the evidence and direct the jury to acquit him on the ground the proof had failed to show him guilty of the crime with which he was charged The court sustained that motion. From that action the State undertakes to appeal to this Court under Section 1153, Miss. Code 1942.

Such an appeal by the State does not lie. State v. Brooks, 102 Miss. 661, 59 So. 860. In that case this Court said:

"When the state closed its evidence, the court excluded the testimony, upon the motion of defendant, and directed the jury to acquit the defendant. 'No question of law is presented by this record, but a decision of the court merely passing upon the sufficiency of the proof to sustain a conviction. In such state of case there is no warrant of law for the taking of an appeal by the state.' This is the language of Judge Truly, speaking for the court, in the case of State v. Willingham et al., 86 Miss. 203, 38 South. 334. The statute construed in that case was section 39, Code 1892. Section 40, Code 1906, under which this appeal is prosecuted, is a transcript of the law of 1892.

"Experimental appeals by the state are not authorized by the statute, and this court is not required to read the evidence taken in the trial court to ascertain whether, taken as a whole, the jury would have been warranted in finding the defendant guilty."

The rule has been recognized and reannounced in State v. Moore, 103 Miss. 699, 60 So. 731; City of Jackson v. Harland, 112 Miss. 41, 72 So. 850; State v. Adams, 123 Miss. 514, 86 So. 337; State v. Bourdon, 126 Miss. 877, 89 So. 769; State v. Ashley, 194 Miss. 110, 11 So. 2d 832; State v. May, 208 Miss. 862, 45 So. 2d 728; State v. Sisk, 209 Miss. 174, 46 So. 2d 191; State v. Jackson, 217 Miss. 412, 64 So. 2d 341; State v. Wingo, 221 Miss. 542, 73 So. 2d 107.

Some of the cited cases expressly state the rule is applicable even though the decision of the lower court involves a mixed question of law and fact.

The appeal in the case at bar is dismissed.

Appeal dismissed.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.