606 So.2d 600 (1992)
STATE of Mississippi
v.
Denwood Wesley INSLEY.
No. 90-KA-0351.
Supreme Court of Mississippi.
August 19, 1992.
*601 William W. Martin, Asst. Dist. Atty., Biloxi, for appellant.
Kim T. Chaze, Hattiesburg, for appellee.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
This is an attempted appeal by the State of Mississippi from a motion for judgment notwithstanding the verdict rendered by the trial court to the defendant in a criminal case.
Denwood Wesley Insley (Insley) was charged with the felonious killing in the heat of passion of Aaron Russo, a six year old child, by striking the child in the head with his hands.
The trial record shows that on Friday Insley slapped Russo. On Saturday morning, July 23, 1988, at approximately 2:30 a.m. Insley took the child to Keesler Air Force Base Hospital seeking immediate medical aid for Russo. Surgery was performed on Russo and he survived the operation, but died the following day.
The doctor who performed the autopsy on the child stated that a blow to the head that led to the death of Russo would had to have occurred between 4:00 o'clock and 6:00 o'clock p.m. on Friday, July 22, 1988.
Testimony from witnesses showed that after the death of Russo, Insley admitted that he slapped the child on Friday. But neither the force of the slap nor the place of the slap was ever established by the State.
When the prosecution rested, the defense moved for a directed verdict relying on Steele v. State, 544 So.2d 802 (Miss. 1989). The trial court overruled that motion.
When the jury returned their verdict of guilty, Insley filed a motion for judgment notwithstanding the verdict, and alternatively, motion for mistrial, motion for new trial, and motion for directed verdict. The court, after argument and review of the evidence, sustained Insley's motion for judgment of acquittal notwithstanding the verdict, and rendered a bench opinion which states, in pertinent part, as follows:
The most striking thing about the Steele case ... is that the linking between the traumatic event and the resulting death as being linked to the accused and making out the criminal agency that was involved.... [T]he court said in Steele that all of the favorable evidence considered there is no evidence satisfying the beyond a reasonable doubt and excluding every reasonable hypothesis consistent with innocence burden of proof linking Steele with Christina's injury.
* * * * * *
It would be easy for this Court to set in judgment and say that the Court only committed error in ruling upon the admissibility of evidence and therefore the defendant was entitled to a new trial. Or it would be easy for the Court to say that the Motion for Judgment of Acquittal Notwithstanding the Verdict is overruled and let the defendant appeal the case to the Supreme Court for review.
* * * * * *
This Court is of the opinion that this case falls within the area of one which the Court must intervene and say that from a legal point of view, that the evidence falls short of that required and that no hypothetical juror with this evidence could have found beyond a reasonable *602 doubt and to the exclusion of every reasonable hypothesis consistent with innocence that Denwood Insley is guilty of the crime with which he was charged, that being manslaughter. So the ruling of the Court is that a Judgment of Acquittal Notwithstanding the Verdict is sustained. The defendant is hereby discharged.
The State appeals and presents the following issues:
1. The trial court erred in sustaining appellee's motion for j.n.o.v. on the grounds that the evidence fell short of that required in a circumstantial evidence case and that no hypothetical juror with the evidence presented could have found beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that Appellee was guilty of manslaughter; and
2. Double jeopardy provisions of the State and United States Constitutions do not prohibit the Mississippi Supreme Court from reinstating a jury verdict of guilt if the Supreme Court determines that the trial court improperly granted a j.n.o.v.
The threshold problem on this appeal has nothing to do with double jeopardy or a review of the sufficiency of trial court evidence. The initial point here lies in the lack of statutory authority for the appeal at all. Basic legal principles inform us that the prosecution is allowed to take an appeal only to the extent that a statute confers the right. Wharton's Criminal Procedure, Vol. 4, § 639 (1976). See also Sanford v. Board of Suprs. Covington County, 421 So.2d 488, 491 (Miss. 1982) and State ex rel. Patterson v. Autry, 110 So.2d 377, 378, 236 Miss. 316, 320-21 (1959).
The United States Supreme Court held in 1892 that the government could not take an appeal in a criminal case without express statutory authority. United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). Subsequent enabling legislation has granted the government limited appellate rights, but the Sanges rule remains in effect.
State statutes grant right of appeal to the prosecution in certain cases, although severe limitations and constraints are placed on this right. There is no uniformity in the statutes granting the prosecution the right to appeal in the states. The statutes are generally divided into two basic groups: (a) appeals permitted to determine a question of law; and (b) appeals permitted so long as the traditional concept of double jeopardy is not violated. See, Skelton, State Appeals in Criminal Cases, 32 Tenn.L.Rev. 449 (1965).
The Mississippi statute controlling the right of the state to appeal in this case is Miss. Code Ann. § 99-35-103(b) (Supp. 1991) which provides, in pertinent part:
The state ... may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
(b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state ...; but in such case, the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented.
Here the prosecution does not present a mere question of law. Instead the State maintains that this Court may and should determine that the trial court erred in granting the J.N.O.V. and should reinstate the jury verdict. We disagree. The statute authorizing an appeal by the State does not provide for or sanction such a procedure. We have repeatedly held that Miss. Code Ann. § 99-35-103, along with the Code's source, does not authorize the state to appeal from a judgment discharging a defendant on the ground that the proof was insufficient to sustain conviction. State v. Sisk, 209 Miss. 174, 177, 46 So.2d 191 (1950); City of Pascagoula v. Cunningham, 141 Miss. 604, 106 So. 886 (1926); State v. Brooks, 102 Miss. 661, 59 So. 860 (1912); State v. Willingham, 86 Miss. 203, 38 So. 334 (1905); City of Water Valley v. Davis, 73 Miss. 521, 19 So. 235 (1896).
In State v. Correro, 231 Miss. 155, 94 So.2d 911 (1957), the trial court sustained a *603 motion for a directed verdict at the end of the prosecution's case and the State appealed, alleging error in directing the verdict. In holding that the prosecution was without authority to appeal, we said:
Such an appeal by the State does not lie. State v. Brooks, 102 Miss. 661, 59 So. 860. In that case this court said:
"When the state closed its evidence, the court excluded the testimony, upon the motion of defendant, and directed the jury to acquit the defendant. `No question of law is presented by this record, but a decision of the court merely passing upon the sufficiency of the proof to sustain a conviction. In such state of case there is no warrant of law for the taking of an appeal by the state.' This is the language of Judge Truly speaking for the court, in the case of State v. Willingham et al., 86 Miss. 203, 38 So. 334. The statute construed in that case was section 39, Code 1892. Section 40, Code 1906, under which this appeal is prosecuted, is a transcript of the law of 1892."
"Experimental appeals by the state are not authorized by the statute, and this court is not required to read the evidence taken in the trial court to ascertain whether, taken as a whole, the jury would have been warranted in finding the defendant guilty."
The rule has been recognized and reannounced in State v. Moore, 103 Miss. 699, 60 So. 731; City of Jackson v. Harland, 112 Miss. 41, 72 So. 850; State v. Adams, 123 Miss. 514, 86 So. 337; State v. Bourdon, 126 Miss. 877, 89 So. 769; State v. Ashley, 194 Miss. 110, 11 So.2d 832; State v. May, 208 Miss. 862, 45 So.2d 728; State v. Sisk, 209 Miss. 174, 46 So.2d 191; State v. Jackson, 217 Miss. 412, 64 So.2d 341; State v. Wingo, 221 Miss. 542, 73 So.2d 107.
231 Miss. at 157, 94 So.2d at 911.
In State v. Russell, 358 So.2d 409 (Miss. 1978), we specifically approved the use by a convicted defendant and its consideration by the trial court of a motion for judgment notwithstanding the verdict. In Russell, we said:
The State contends that a motion for judgment notwithstanding the verdict of guilty is unknown to the criminal law of Mississippi. We find no Mississippi statute dealing with judgment(s) notwithstanding the verdict either in criminal or civil procedure, but it is common knowledge that a motion for judgment notwithstanding the verdict is established practice in the trial of civil cases. At common law, judgment notwithstanding the verdict was inapplicable to criminal cases chiefly for the reason that such judgments were entered on the pleadings and a verdict of acquittal ended the prosecution, even though acquittal was founded on misdirection of the judge. 24 C.J.S. Criminal Law, § 1579 (1961).
* * * * * *
This Court has held that ... a trial judge has the authority in a criminal case to reassemble the jury even after it had separated and to direct the jury to reconsider its verdict when satisfied that there had been a palpable mistake. Anderson v. State, 231 Miss. 352, 95 So.2d 465 (1967). It was further held in Jarman v. State, 178 Miss. 103, 172 So. 869 (1936), that it is not necessary in a criminal case to go through the formality of having a jury retire and actually find the verdict directed. The court would enter the judgment as if the jury had returned a verdict of not guilty.
358 So.2d at 412-13.
Without reference to the effect of the limited appeal provisions of our statute, the prosecution contends the trial court's j.n.o.v. may be set aside by this Court without violation of double jeopardy standards and cites United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), as authority for this position. The prosecution argues that the constitutional double jeopardy clause protects against government appeals only where there is danger of subjecting the defendant to his second trial for the same offense, hence, such protection does not attach to correction of the trial judge's post verdict ruling. *604 The State misperceives the effect of § 99-35-103 and overlooks applicable law. Wilson involved an appeal by federal prosecutors under the authority of 18 U.S.C. § 3731 (18 U.S.C.A. § 3731) passed as Title III of the Omnibus Crime Control Act of 1970. In Wilson the court stated:
While the language of the new act is not dispositive, the legislative history makes it clear that Congress intended to remove all statutory barriers to government appeals and to allow appeals whenever the Constitution would permit.
420 U.S. at 337, 95 S.Ct. at 1019, 43 L.Ed.2d at 238.
Wilson is restricted to federal appeals in federal cases based on crimes prosecuted under federal indictments. It does not dispense with the Sanges requirement of enabling legislation. To the contrary, the Sanges rule is discussed and approved in Wilson. (See Wilson at 420 U.S. at 336, 337, 95 S.Ct. at 1018, 1019, 43 L.Ed.2d at 237). The application of the Sanges rule to state proceedings removed to federal court was made crystal clear in Arizona v. Manypenny, 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981), reh. den. 452 U.S. 955, 101 S.Ct. 3100, 69 L.Ed.2d 965, where the United States Supreme Court specifically held that:
In a criminal proceeding removed to a federal court, a state may appeal ... from an adverse judgment if statutory authority to seek such review is conferred by state law. ...
Because Arizona law conferred such authority here, and because removal does not alter the nature of the authority conferred, the state must be allowed to appeal from the post guilty verdict judgment of acquittal... .
451 U.S. at 250, 101 S.Ct. at 1669, 68 L.Ed.2d at 74.
In Arizona, the United States Supreme Court specifically recognized that:
Arizona's statutes, as construed and applied by the courts of that state, would enable the state to obtain the appellate view it seeks.
451 U.S. at 239, 101 S.Ct. at 1663, 68 L.Ed.2d at 67.
It is apparent that:
(a) The United States Supreme Court recognizes that the federal government enjoys no inherent right to appeal a criminal judgment and no appellate right exists absent proper enabling legislation;
(b) Wilson is not authority for this court to set aside the trial court j.n.o.v. and reinstate the jury verdict absent legislative authorization in the state to do so.
Disposition of this appeal does not hinge on the issue of double jeopardy, but it is noteworthy that this Court in State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965), held that under the double jeopardy provisions of our constitution [Miss. Const. Art. 3 § 22 (1890)], the action of the trial judge in sustaining a motion for a directed verdict and acquitting a defendant in a criminal case protected that defendant from future prosecutions for the crime for which he was acquitted.
We find no error in the trial court's ruling on Insley's Motion for J.N.O.V. The trial court properly applied the principles enunciated in Steele v. State, 544 So.2d 802 (Miss. 1989).
The State is without authority to prosecute the appeal in this case. This appeal is dismissed.
APPEAL DISMISSED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., not participating.