BANKS, Justice,
dissenting:
¶28. Because I believe that this is an appeal by the state not allowed by statute and because I believe that there has been no abuse of discretion shown with respect to the judgment of the circuit court, I dissent.
I.
¶ 29. As with any case in which the state seeks review of an adverse decision in a criminal case, the threshold question is its authority to do so. State v. Insley, 606 So.2d 600, 602 (Miss.1992). The state claims authority, as it must, under Miss.Code Ann. § 99-35-103 (1972). It suggests that the order of the circuit court transferring this matter to the youth court was a final judgment and that in the absence of an appeal the state would be left without a remedy. U. G.’s argument that this is an interlocutory appeal notwithstanding, it appears that the state is correct in characterizing the circuit court judgment as final for appeal purposes. We have never held, however, that the absence of another remedy is sufficient reason to justify a grant of appeal. The question is whether this appeal may be characterized as one allowed by a fair interpretation of the statute.
¶ 30. Our statute delimiting the authority of the state to appeal in criminal cases reads as follows:
The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases: (a) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense, (b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented. (c) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and the case shall be treated as if a cross appeal had been formally presented by the state. All questions of law thus presented shall be decided by the Supreme Court.
The writer is unable to find an instance in which this statute has been treated in the *158 context of a discretionary transfer of a canse to youth court, either before or after indictment.
¶ 31. In State v. Burrill, 312 So.2d 1, 3 (Miss.1975) this Court interpreted the statute to apply only to a “criminal cause,” and concluded that a “criminal cause” was not present where the action complained of was an order granting access to grand jury minutes prior to the issuance of any indictment and in the absence of any other criminal charge appearing in the record. Recently, in State v. Harrison, 648 So.2d 66, 68 (Miss.1994) we followed established precedent and approved the appeal of the dismissal of an indictment for violation of the 270-day statute. Finally, we have rejected an asserted appeal by the state of a grant of judgment notwithstanding the verdict in a criminal case on the basis of the statute. See State v. Insley, 606 So.2d 600 (Miss.1992). There we cited, with approval, the rule expressed in United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 446 (1892) to the effect that the government may not take an appeal in a criminal case without express statutory authority. Id. at 602-04.
¶32. It is obvious that the transfer of a cause to youth court does not precisely fit the language of either of the three subsections of the statute. Here, unlike in Burrill, there was clearly a criminal cause in progress. U.G. had been indicted and the motion was filed within that cause number. While the order in question is final, it is no more enumerated by the statute authorizing state appeals than is an order granting judgment notwithstanding the verdict. In a sense, the order may be equated with an order granting a demurrer to an indictment but it differs in that the issue of transfer to juvenile court is one left to the sound discretion of the trial judge whereas the issue on demurrer or motion to quash is a purely legal matter subject to de novo review.
¶33. The argument that the decision escapes review entirely if review is not permitted pursuant to this statute ignores the fact that other decisions in the criminal process, including judgments notwithstanding the verdict escape review. Moreover, it ignores the possibility that the state may assert grounds in the youth court for transfer of the case to the circuit court pursuant to the provisions of Miss.Code Ann. § 43-21-157 (1993), Under that section the youth court may transfer proceedings against juveniles to the trial court having jurisdiction if they were adults upon a finding by clear and convincing evidence that “there are no reasonable prospects for rehabilitation within the juvenile justice system.” Tellingly, such an order is subject to review at the circuit court level only at the behest of the child. Such a review is on the record made at the youth court, however, and may be reversed only upon the substantial evidence standard of review.
¶ 34. We see then, that upon initial consideration, the circuit court may transfer a cause involving a juvenile offender of which it has original jurisdiction upon a finding that it would be in the best interest of the child and in the interest of justice. Miss.Code Ann. § 43-21-169 (1993). There is no heightened burden of proof, and the decision is lodged in the sound discretion of the court. Id. On the other hand, a decision to transfer from youth court requires the heightened standard of proof but, once made, is reversible by the circuit court only on the basis of lack of substantial evidence. Miss.Code Ann. § 43-21-157 (1993). I find in this a legislative preference for youth court treatment of youths charged with crime wholly consistent with the denial of review of the initial decision to transfer original jurisdiction cases to the youth court. I would hold that the state does not have statutory authority to pursue this appeal.
II.
¶ 35. If the appeal was properly before us, I would affirm the judgment of the trial court. Contrary to the majority assertion my review of the record indicates that the trial court considered both the best interest of the child and the interests of justice. Its recitation of that fact has been considered sufficient by this Court when the decision was not to accord the child juvenile treatment. See Swinford v. State, 653 So.2d 912 (Miss.1995) (holding that a circuit court recitation that it had considered juvenile alterna *159 tives sufficient without specific findings.) Beyond that, however; the trial court had before it testimony of a psychiatrist and that of a corrections official.
¶ 36. Rather than try the underlying merits of the case, the court took the detailed factual allegations as to the nature of the offense charged as true. The majority some how faults the trial court for this pointing to the fact that this is an adversary proceeding. First, U.G. posed no objection. Secondly, the trial court was in no position to try the factual issue of what happened. What was before the court was a decision which forum was proper for such a child. It is entirely proper in this setting to consider the factual allegations of the state as true for purposes of considering the seriousness of the crime and the interest of justice.
¶ 37. The State and the majority complain that no cross-examination was allowed for U. G.’s mother and that the court reviewed documents not of record. While it is true that the court announced that it would not allow cross-examination in response to its in-chambers, on-the-record conversation with U. G.’s mother no party sought either cross-examination or to propound questions through the court either before or after the fact. U. G.’s counsel affirmatively stated that he had no questions and the state remained silent. It is silent to this day as to what if any questions on cross-examination it had.
¶ 38. The trial court order does make reference to a letter from the youth court certifying'that U.G. had no juvenile record and Jackson Public School records showing no disciplinary action. The record does not reflect that the state was denied access to these records. The court entered orders directing that youth court and school records be furnished for inspection by the court. At a point in the proceedings the state requested that any information provided to the court be provided to the state. U.G. through counsel asserted that should occur after in camera inspection. The court expressed an assumption that the request referred to matters other than what was ordered to be produced in camera. There was no response from the state to that expressed assumption. Neither was any protest lodged with the trial court after its opinion and order to the effect that the order relied upon matters not of record and not supplied to the state. I do not believe that these issues are properly preserved for our review. See Harvey v. State, 666 So.2d 798 (Miss.1995); Chase v. State, 645 So.2d 829 (Miss.1994); Stringer v. State, 279 So.2d 156 (Miss.1973).
¶ 39. Finally, to the extent that there were procedural errors, I do not see that they affected the result and any matters not uncovered by the state could be presented to the youth court in pursuant of a certification order as discussed above.
¶ 40. For the foregoing reasons, I would dismiss this appeal as unauthorized. Failing that, I would affirm.
SULLIVAN, P.J., and McRAE, J., join this opinion.
PRATHER, C.J., joins in part.