THOMAS, J.,
for the Court.
¶ 1. Jeffery C. Jamison appeals the order of the Circuit Court of Leake County which affirmed the City Court of Carthage, Mississippi’s, convicting Jamison of driving with a suspended licence and reversed and remanded for sentencing on a conviction of driving under the influence first offense, which the city court had initially dismissed. Aggrieved, Jamison asserts the following issues on appeal:
I. THE CIRCUIT COURT ERRED IN GRANTING THE CITY OF CARTHAGE’S PETITION FOR CER-TIORARI ON A CRIMINAL MATTER AND CONVICTING JAMISON OF DUI FIRST OFFENSE.
II. THE CIRCUIT COURT’S CONVICTION OF JAMISON AMOUNTS TO DOUBLE JEOPARDY AS JAMI-SON WAS TRIED AND FOUND NOT GUILTY IN THE MUNICIPAL COURT OF THE CITY OF CARTHAGE.
Finding error, we affirm in part and reverse and render in part.
FACTS
¶ 2. On April 16, 2002, Jeffery Jamison was traveling through the city of Carthage, Mississippi, when he stopped to get gas. After stopping at a gas station, a Carthage police officer approached Jami-son and informed him that he had been speeding. After talking with Jamison, the officer requested that Jamison blow into a portable breath test. Jamison acquiesced and was informed that the test indicated positive for alcohol. The officer took Ja-mison into custody and had Jamison submit to toxicology testing in order to determine his blood alcohol content. Jamison was placed under arrest and charged with careless driving, driving with a suspended licence, and DUI second offense due to information from the Department of Public Safety that Jamison had been previously convicted of a DUI in Jackson Municipal Court.
¶3. Trial was initially set for May 21, 2002; however, Jamison’s counsel had a *1052 conflict and requested that trial be reset. The case was heard in the City of Carthage Municipal Court on July 2, 2002. The municipal court chose to bifurcate the trial in order to determine whether Jami-son was in fact driving under the influence, and secondly, to determine if he was guilty of DUI second offense. The court initially found that the prosecution had met the burden of proof as to DUI and driving with a suspended licence, but the court found Jamison not guilty of careless driving. However, when the City attempted to introduce evidence regarding Jamison’s previous DUI conviction, it was discovered that the Department of Public Safety had received information that Jamison’s previous DUI conviction had been set aside.
¶ 4. Jamison moved to dismiss the charge for DUI second offense, which the court granted. The city prosecutor moved to amend the affidavit and charge Jamison with DUI first offense, and the court denied the prosecutor’s motion holding that DUI second offense, was a separate crime and the City could not amend the affidavit after trial because that would be prejudicial to the defendant. The municipal court found Jamison guilty of driving with a suspended licence and not guilty of careless driving.
¶ 5. The City of Carthage filed a petition for certiorari in the Leake County Circuit Court. The circuit court held a hearing and entered an order granting certiorari. After receiving summaries from both parties, the circuit court reversed the judgment of the municipal court and held that the defendant would not have been prejudiced and the municipal court erred in not allowing the City to amend the charge to DUI first offense. The circuit court remanded the cause to the municipal court for sentencing of Jamison on the charge of DUI first offense. Jamison then perfected an appeal to this Court.
ANALYSIS
I. DID THE CIRCUIT COURT ERR IN GRANTING THE CITY OF CARTHAGE’S PETITION FOR CERTIORARI ON A CRIMINAL MATTER AND CONVICTING JA-MISON OF DUI FIRST OFFENSE?
II. DID THE CIRCUIT COURT’S CONVICTION OF JAMISON AMOUNT TO DOUBLE JEOPARDY AS JAMISON WAS TRIED AND FOUND NOT GUILTY IN THE MUNICIPAL COURT OF THE CITY OF CARTHAGE?
¶ 6. Jamison asserts that the circuit court erred in granting the City of Carthage’s petition for certiorari on a criminal matter and convicting him of DUI first offense because it amounts to double jeopardy as Jamison was tried in the Municipal Court of Carthage and the charge was dismissed. We will examine both of Jami-son’s assertions together.
¶ 7. Pursuant to Mississippi Code Annotated' Section 99-35-103 (Rev.2000), a state or municipality is limited in its ability to prosecute an appeal in a criminal cause. This statute authorizes appeals by the State:
(a) From a judgment sustaining a demurrer to, or a motion to quash an indictment, or an affidavit charging crime; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense.
(b) From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the supreme court shall nevertheless decide the question of law presented.
*1053 (c) From a ruling adverse to the state or municipality in every case in which the defendant is convicted and prosecutes an appeal; and the case shall be treated as if a cross appeal had been formally prosecuted by the state. All questions of law thus presented shall be decided by the Supreme Court.
Pool v. State, 724 So.2d 1044, 1048(¶ 24) (Miss.Ct.App.1998) (citing Miss.Code Ann. § 99-35-108 (Rev.1994)). Appeals by the prosecution are severely limited, granted only in situations which can generally be divided into two basic groups: (a) appeals permitted in order to determine a question of law; and (b) appeals permitted so long as the traditional concept of double jeopardy is not violated. State v. Insley, 606 So.2d 600, 602 (Miss.1992). Jamison asserts that the circuit court could have decided the question of law, but under Section 99 — 35—103(b), it was error for the circuit court to reverse his acquittal, grant the motion made by the prosecution, and affirm the conviction for DUI first offense which the municipal court had not entered. We agree.
¶ 8. The municipal court held that the prosecution could not amend its indictment because the motion to do so was made at the conclusion of all of the evidence and the prosecution had rested. It is true that amendments cannot be made that would result in prejudice to the defendant. Smith v. State, 725 So.2d 922, 928(¶ 17) (Miss.Ct.App.1998). All substantive amendments to indictments must be made by a grand jury. Id. “The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made.” Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995).
¶ 9. The City of Carthage, and the circuit court below, both relied on the case of Ostrander v. State, 803 So.2d 1172 (Miss.2002). Indeed, the initial facts in Ostran-der seem very similar to the case at bar. Ronald Ostrander was arrested and charged with DUI second offense due to a pending DUI which had been appealed. Ostrander, 803 So.2d at 1173 (¶¶ 2-3). The State rested without being able to prove Ostrander had a previous conviction for DUI. Id. at (¶ 3). The trial judge denied a motion for directed verdict to the case as a whole and allowed the case to go to the jury as a DUI first offense as a lesser-included offense of a DUI second, and the jury returned a verdict of guilty which Ostrander subsequently appealed. Id. at 1173-74(¶ 4). The Mississippi Supreme Court affirmed the trial court in Ostrander, holding that there was no reduction in charge, but simply that Ostran-der had been charged with both and the trial court granted a directed verdict only in regard to DUI second. Id. at 1176(¶ 13). The court noted that the trial judge “expressly limited his directed verdict to the second-offense DUI.” Id. at 1177(¶ 14).
¶ 10. Although the municipal judge could have dismissed only that part of the affidavit charging DUI second and allowed the City to proceed on DUI first, the judge dismissed the entire DUI charge against Jamison. When the judgment was entered, jeopardy attached. Ostrander is therefore distinguished from the case at bar. Such dismissal is inclusive of both the offense charged in the affidavit, as well as any lesser-included offenses. Any further proceedings would amount to a violation of the double jeopardy provisions of the Mississippi and United States Constitutions.
¶ 11. Although appropriate for the circuit court to grant certiorari in order to answer the question of law under Mississippi Code Annotated Section 99 — 35—103(b) *1054 (Rev.2000), the circuit court erred in reversing the dismissal of the charges by the Municipal Court of Carthage. We therefore reverse the judgment of the circuit court and reinstate the judgment of the municipal court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF DRIVING WITH A SUSPENDED LICENSE AND FINE OF $425 IS AFFIRMED; THE JUDGMENT OF CONVICTION OF DUI FIRST OFFENSE IS REVERSED AND RENDERED AND THE JUDGMENT OF THE MUNICIPAL COURT OF CARTHAGE IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE CITY OF CARTHAGE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.